DA 09-0130

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 354

WOLF'S INTERSTATE LEASING &
SALES, L.L.C. doing business as
Wolf's Bozeman Suzuki, L.L.C.,

Plaintiff and Appellant,

v.

AARON BANKS and GLEN CROFT
doing business under the assumed and
unregistered names of BB&C, L.L.C. and
Bankroft Transportation Services, L.L.C.,

Defendants, Appellees and Cross-Appellants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 08-831B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

R.J. "Jim" Sewell, Jr., Scott H. Clement; Smith Law Firm;
Helena, Montana

For Appellees:

Edward J. Guza; Guza, Williams, & Nesbit; Bozeman, Montana

Submitted on Briefs:  September 16, 2009

Decided:  October 27, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Wolf's Interstate Leasing & Sales, L.L.C. (Wolf) appeals the order entered by the District Court for the Eighteenth Judicial District, Gallatin County, granting the motion by Aaron Banks and Glen Croft (Banks and Croft) to change the venue for the parties' arbitration. Banks and Croft respond that Wolf's appeal is without merit and request an award of attorney fees incurred on appeal. We consider:

¶2 Did the District Court err by granting the motion for change of arbitration venue?

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On April 1, 2008, Wolf and Banks and Croft entered into an "Asset Purchase, Management Agreement" (Contract) by which Banks and Croft would manage, and incrementally acquire ownership of, Wolf's automobile dealership in Bozeman. Shortly thereafter, the relationship between the parties began to deteriorate, and on October 14, 2008, Wolf filed a complaint against Banks and Croft alleging contract and tort violations and seeking punitive damages and injunctive relief. Wolf requested issuance of a temporary restraining order restraining Banks and Croft from entering the dealership or possessing dealership property. Banks and Croft filed a Motion to Dismiss/Summary Judgment asking the court to enforce a settlement that had allegedly been reached between the parties.

¶4 On November 5, 2008, Wolf initiated an arbitration proceeding in Colorado through the American Arbitration Association pursuant to a provision in the Contract which stated that "[a]ny controversy or claim arising out of this 'management agreement'

2

will be decided by arbitration before three (3) arbitrators, in the State of Colorado." Wolf followed by moving, on December 1, 2008, to dismiss the action it had filed in the District Court and to compel arbitration. On December 11, 2008, Banks and Croft filed a response opposing the motion to compel arbitration. Then, on January 27, 2009, Banks and Croft filed a Motion to Change Arbitration Venue, arguing the arbitration could only be properly conducted in Montana. The District Court granted Wolf's motion to compel arbitration, but also granted Banks and Croft's motion to change the arbitration venue, ordering that the arbitration be conducted in Bozeman, Montana. The District Court declined to rule on the motion of Banks and Croft for dismissal or summary judgment. Wolf appeals.

## STANDARD OF REVIEW

¶5      The standard of review for a district court's conclusions of law regarding arbitration is whether they are legally correct. *Iwen v. U.S. W. Direct, a Div. of U.S. W. Mktg. Resource Group*, 1999 MT 63, ¶ 17, 293 Mont. 512, 516, 977 P.2d 989, 993 (1999).

## DISCUSSION

¶6      ***Did the District Court err by granting the motion for change of arbitration venue?***

¶7      Section 27-5-323, MCA (2007), provides, in relevant part:

> No agreement concerning venue involving a resident of this state is valid unless the agreement requires that arbitration occur within the State of Montana. This requirement may only be waived upon the advice of counsel as evidenced by counsel's signature thereto.

3

The parties concur that this provision controls the arbitration controversy at issue. Further, it is uncontested that Banks and Croft are "resident[s] of this state" for this purpose. The dispute here centers on the applicability of the last sentence of this provision—whether Banks and Croft waived their statutory right to have the arbitration conducted in Montana.

¶8 Wolf maintains that the District Court erred in granting Banks and Croft's Motion to Change Arbitration Venue because the motion was untimely filed, and the venue issue was thus waived. Wolf asserts that because Croft and Banks did not request a change of venue within their initial response, filed December 11, 2008, to Wolf's arbitration motion, and first raised the issue over 45 days later, they waived their right to request a change in venue. In support of this position, Wolf cites M. R. Civ. P. 12(b)(ii), which provides "the defendant must at the time of defendant's first appearance request by motion that the trial be had in the proper county." Wolf argues that we should directly apply M. R. Civ. P. 12(b)(ii) to the request for change of arbitration venue filed herein or that the rule "should be extended as a matter of public policy reflecting the policy of the Rules that objections to venue should be raised as soon as possible or be waived."

¶9 Banks and Croft argue that application of M. R. Civ. P. 12(b)(ii) to this case by analogy is inappropriate. They assert that the rule does not apply by its plain terms, which address the moving of a lawsuit filed in the trial court from one county to another. They argue that § 27-5-323, MCA, requires arbitration proceedings involving a resident to be conducted in Montana and expressly limits the instances in which that requirement

4

may be waived—only "upon the advice of counsel as evidenced by counsel's signature thereto" on the agreement. They maintain that there is no statutory requirement that a request to change arbitration venue be made in the first responsive pleading.

¶10 We agree with Banks and Croft that application of M. R. Civ. P. 12(b)(ii), here is inappropriate. M. R. Civ. P. 12(b)(ii) is a procedural rule governing the timing of a request for a change of venue from one county to another within civil proceedings filed in the district courts. Section 27-5-323, MCA, is an expression of the public policy of the state that arbitration involving residents must be conducted within the State of Montana, unless that right is waived in the manner provided under the statute. This statutory public policy would be contradicted by application of M. R. Civ. P. 12(b)(ii) or an equivalent rule which would require waiver of the venue right upon failure to request a change within a party's initial pleading concerning the arbitration.

¶11 In *Keystone, Inc. v. Triad Sys. Corp.*, 1998 MT 326, 292 Mont. 229, 971 P.2d 1240, we invalidated a contract provision designating California as the arbitration venue for a Montana resident. *Keystone*, ¶ 22. We noted that there was "no indication from the face of the contract at issue that the right to have disputes arbitrated in Montana was waived based on the advice of counsel," *Keystone*, ¶ 21, and explained that a provision "which requires that a Montana resident arbitrate disputes related to a contract to be performed in Montana at a location outside Montana is void because it violates Montana law." *Keystone*, ¶ 22. Similarly here, as the District Court noted, "the Contract does not indicate that Defendants, on advice of counsel, waived their right to have this dispute

5

arbitrated in Montana." We thus reach the same result here as we did in *Keystone*, and conclude there was not a waiver of the statutory right of Banks and Croft to arbitrate the dispute in Montana.

¶12 Banks and Croft request that they be awarded attorney fees incurred in this appeal on the ground that Wolf's appeal is without merit. They argue that Wolf's argument offers a "clearly inapplicable analogy" and an absence of legal authority in an effort to delay and create a "war of attrition." Wolf counters that its appeal is meritorious and that, although the issue it raised was apparently one of first impression, the arguments were made in good faith and the appeal was not "entirely unfounded."

¶13 M. R. App. P. 19(5), provides that this Court may "award sanctions to the prevailing party in an appeal . . . determined to be frivolous, vexations, filed for the purposes of harassment or delay, or taken without substantial or reasonable grounds." In determining whether an appeal is frivolous and unreasonable for this purpose, we generally assess whether the arguments were made in good faith. *Sorenson v. Massey-Ferguson, Inc.*, 279 Mont. 527, 531, 927 P.2d 1030, 1033 (1996). Here, while we have rejected the arguments advanced by Wolf, his contentions were arguable and we cannot conclude they were made in the absence of good faith. We thus hold that an award of attorney fees under M. R. App. P. 19(5), is not appropriate.

¶14 Affirmed.

/S/ JIM RICE

6

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS