
DA 09-0570

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 55

ROBERT F. COOPER,

      Plaintiff and Appellant,

  v.

WILLIAM GLASER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 09-588
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert F. Cooper, self-represented, Billings, Montana

      For Appellee:

          Casey Heitz; Parker, Heitz & Cosgrove, PLLC; Billings, Montana

      For Amicus Curiae:

          Gregory J. Petesch and Helen C. Thigpen, Legislative Services Division, Helena, Montana

Submitted on Briefs:  February 17, 2010
Decided:  March 18, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     The First Judicial District Court, Lewis and Clark County, granted William Glaser's motion to dismiss a defamation action filed by Robert Cooper. Cooper appeals. The issues are:

¶2     Issue 1: Did the District Court err when it granted the motion to dismiss, concluding Glaser's statements were protected by Article V, Section 8 of the Montana Constitution?

¶3     Issue 2: Should Glaser's attorney fees be awarded as a sanction for a frivolous appeal under M. R. App. P. 19(5)?

## BACKGROUND

¶4     Robert Cooper filed a defamation action against House Representative William Glaser in July 2009, claiming Glaser defamed him in March 2009 when he was speaking to the House of Representatives during a legislative session about a letter Cooper had sent to the Legislature. Cooper contended that Glaser had lied when he said Cooper had spent time in prison for threatening an officer while in the military, had threatened his neighbors, had spent time in the Montana State Hospital at Warm Springs, and was a "kook" and "not an ordinary member of society." Glaser made these statements under a "Point of Personal Privilege," which is a procedure that allows a legislator to make personal comments on any subject while the legislature is in session.

¶5     Glaser filed a motion to dismiss under M. R. Civ. P. 12(b)(6), asserting he was immune from litigation under Article V, Section 8 of the Montana Constitution because he was a legislator making statements on the floor of the House during a legislative session. Cooper argued that the privilege only extends to acts considered "legislative" and that

2

Glaser's statements were personal and did not relate to legislative business. The District Court dismissed the action, concluding the plain language of Article V, Section 8 gives absolute immunity to any statements made by a legislator during legislative proceedings. Cooper appeals.

## STANDARD OF REVIEW

¶6      We review a district court's ruling upon a motion to dismiss under M. R. Civ. P. 12(b)(6) de novo. The complaint is construed in the light most favorable to the plaintiff, and the Court presumes, for purposes of review, that allegations of fact are true. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552.

## DISCUSSION

¶7      *Issue 1: Did the District Court err when it granted the motion to dismiss, concluding Glaser's statements were protected by Article V, Section 8 of the Montana Constitution?*

¶8      Citing to Montana statutory law and United States Supreme Court precedent, Cooper contends that Glaser is not immune from a lawsuit because his statements were not within the sphere of "legitimate legislative activity." *Gravel v. United States*, 408 U.S. 606, 624-25, 92 S. Ct. 2614, 2626-27 (1972); § 2-9-111, MCA. He argues that Glaser's statements were personal in nature and did not pertain to any legislative procedure or business. Essentially, Cooper wants us to set parameters around the scope of legislative immunity granted by Article V, Section 8 of the Montana Constitution. Cooper also claims Glaser's actions violated his free speech, due process, and equal protection rights.

¶9      Glaser contends he is immune from suit because Article V, Section 8 grants absolute immunity to a member of the House of Representatives for statements made while

3

addressing the House during a session. The Legislative Council, acting as *amicus curiae*, supports Glaser's position, concurring that Article V, Section 8 protects any statements made by legislators on the House floor.

¶10     This Court has never addressed the scope of the protection granted to legislators by Article V, Section 8 of the Montana Constitution. Article V, Section 8 states:

> A member of the legislature is privileged from arrest during attendance at sessions of the legislature and in going to and returning therefrom, unless apprehended in the commission of a felony or a breach of the peace. *He shall not be questioned in any other place for any speech or debate in the legislature.*

(Emphasis added.)

¶11     Article I, Section 6 of the United States Constitution is similar to Montana's legislative immunity provision and provides,

> [Legislators] shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same; and for any Speech or Debate in either House, they shall not be questioned in any other Place.

Because, historically, the British Crown used criminal and civil law to suppress and intimidate critical legislators, the Framers of the Constitution believed that giving immunity to legislators was essential to protect them from intimidation from outside pressures, to reinforce the separation of powers, and to ensure the independence of the legislature. *United States v. Johnson*, 383 U.S. 169, 177-82, 86 S. Ct. 749, 754-57 (1966). This immunity is not intended to protect legislators from prosecution for their own benefit, but "to support the rights of the people, by enabling their representatives to execute the functions of their office without fear of prosecutions . . . ." *Tenney v. Brandhove*, 341 U.S. 367, 373-74, 71 S. Ct.

4

783, 787 (1951).

¶12     Most states have adopted a constitutional provision similar to Article I, Section 6 of the United States Constitution.[1]  Many of these jurisdictions do not limit the scope of the immunity given to legislators.  *E.g. Whalen v. Hanley*, 63 P.3d 254, 258 (Alaska 2003) (quoting *Breck v. Ulmer*, 745 P.2d 66, 70 (Alaska 1987) ("A member . . . of a State or local legislative body is absolutely privileged to publish defamatory matter concerning another in the performance of his legislative functions.")); *Luccesi v. State*, 807 P.2d 1185, 1189 (Colo. App. 1990) (holding that the Colorado speech and debate clause must be "interpreted to provide an absolute immunity for all actions naturally involved in the performance of any legislative functions"); *Mehau v. Gannett Pacific Corp.*, 658 P.2d 312, 324 (Haw. 1983) (stating "there are no temporal and spatial limitations on the immunity from suit afforded by [the legislative immunity provision] of the State Constitution"); *Riddle v. Perry*, 40 P.3d 1128, 1131-32 (Utah 2002) (stating the absolute privilege of allowing legislators to speak freely encourages legislator participation in the legislative process and "trumps the right of individuals to be free from defamation").

¶13     The Restatement (Second) of Torts specifically addresses how legislative immunity applies to defamation:  "A member of Congress of the United States or of a State or local legislative body is absolutely privileged to publish defamatory matter concerning another in the performance of his legislative duties." *Restatement (Second) of Torts* § 590 (1977).  The comments to § 590 provide, "those legislative officers designated in this Section are absolutely privileged in publishing defamatory matter while they are performing a legislative

5

function although the defamatory matter has no relation to a legitimate object of legislative concern." *Id.* at § 590 cmt. a. Thus, the question is not whether the content of the statements is legislative in nature, but whether the legislator was engaged in a legislative function when he or she spoke.

¶14 Regardless of the truth of Glaser's statements, he made them on the floor of the House of Representatives while it was in session. These are the precise circumstances under which legislators should be immune from the threat of prosecution. To hold otherwise would compromise the independence of the Legislature in expressing the will of the people it represents. We must conclude that Glaser is immune from litigation and such immunity prevents prosecution for Cooper's free speech, equal protection, and due process challenges. The District Court did not err when it dismissed Cooper's action.

¶15 *Issue 2: Should Glaser's attorney fees be awarded as a sanction for a frivolous appeal under M. R. App. P. 19(5)?*

¶16 M. R. App. P. 19(5) allows this Court to award attorney fees as sanctions for an appeal that is frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Glaser contends that because the District Court determined that the plain language of the Constitution clearly controls, Cooper's appeal is frivolous and we should award Glaser attorney fees. To determine whether an appeal is frivolous, we generally assess whether the arguments were made in good faith. *Wolf's Interstate Leasing & Sales, L.L.C. v. Banks*, 2009 MT 354, ¶ 13, 353 Mont. 189, 219 P.3d 1260.

---

[1] Forty-three states have legislative immunity clauses in their constitutions.

¶17    While we reject Cooper's arguments, we conclude he made them in good faith. Cooper is simply exercising his right to appeal the decision of the District Court. Glaser is not entitled to his attorney fees under M. R. App. P. 19(5).

## CONCLUSION

¶18    The District Court did not err when it dismissed the defamation action because Glaser's statements were protected by Article V, Section 8 of the Montana Constitution. An award of attorney fees under M. R. App. P. 19(5) is not appropriate.

¶19    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice W. William Leaphart, concurring.

¶20    I concur in the result but would classify the opinion as a non-cite opinion. The case presents a significant issue of constitutional import; whether Article V, Section 8 of the Montana Constitution protects Glaser's gratuitous and allegedly defamatory remarks on the floor of the House of Representatives. However, the appellant, Cooper, was not represented by an attorney. As a consequence, Cooper's research and briefing on the extent or limits of the constitutional immunity were less than thorough. I am reluctant to establish a precedent

7

on such an important constitutional issue in the absence of adequate briefing on both sides of the issue presented.

¶21     Accordingly, I concur in the result but not in the Court's analysis.

/S/ W. WILLIAM LEAPHART

Justice James C. Nelson and Justice Patricia Cotter join in the concurring opinion of Justice Leaphart.

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER