DA 10-0227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 27N

IN THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF M.C.R.,
AN INCAPACITATED ADULT,

SHELLY A. LAINE,

      Petitioner and Appellee,

and LAURINE MARCINKOWSKI,

      An Interested Person and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDG 2009-34
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rob Cameron; Gough, Shanahan, Johnson, & Waterman, PLLP;
Helena, Montana

      For Appellee:

          Kristina L. Neal, Office of the Public Defender; Helena, Montana

          James P. Reynolds, Brian J. Miller; Reynolds, Motl and Sherwood,
PLLP; Helena, Montana

Submitted on Briefs:  January 20, 2011

Decided:  February 16, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited as precedent.

¶2 M.C.R. is a 74-year-old resident of Helena, Montana. Since August 2009, she has resided at Son Heaven, an assisted living facility in Helena. She previously resided at her home outside Montana City, where she and her husband lived together before his death in 2008. Concern over M.C.R.'s diminishing mental capacities first arose in late 2007. Over the next two years, M.C.R.'s family members (including Shelly Laine (Laine), the only one of M.C.R.'s three daughters who lives in Helena) observed an increasing degree of cognitive loss. In light of these concerns and at the urging of her physician, M.C.R. voluntarily underwent a neuropsychological evaluation, after which she was diagnosed with dementia, probable Alzheimer's disease, and depression. Dr. Mary Bogumill, who performed the evaluation, concluded that due to M.C.R.'s decreased capacities, her safety was at "significant risk" if she continued to live at home. With the assistance of Cindy Nickol (Nickol) of Capital City Case Management and M.C.R.'s daughter Vicki DesRosier (DesRosier) of Belgrade, Montana, Laine aided M.C.R. in relocating to Son Heaven, which M.C.R. selected over other facilities.

¶3 In September 2009, Laine filed a combined Petition for Appointment as Full Guardian and Conservator and Motion for Appointment as Temporary Guardian. The District Court granted the motion for temporary guardianship and, pursuant to § 72-5-315(3), MCA, appointed Dr. Bogumill and Nickol as Doctor and Visitor, respectively. M.C.R.'s daughter Laurine Marcinkowski (Marcinkowski) of Spokane, Washington,

2

subsequently appeared as an interested person and contested the petition for Laine's full appointment as guardian.

¶4 The District Court held an evidentiary hearing on the guardianship petition in March 2010. Dr. Bogumill testified and reiterated the findings of her neuropsychological evaluation of M.C.R., including her recommendation that M.C.R. live at an assisted living facility. Nickol testified that M.C.R.'s living situation at Son Heaven was in her best interests, that M.C.R. required a guardian, and that Laine was "very supportive" of her mother's needs. Nickol recommended that Laine be appointed as full guardian, emphasizing that Laine already had been caring for M.C.R. for some time, and in her view, was doing an admirable job. Laine testified to specific instances demonstrating M.C.R.'s diminished mental capacity, to M.C.R.'s struggles with depression, and to the efforts she and M.C.R. had made to secure suitable living arrangements. DesRosier also testified, stating that she agreed with Laine's petition.

¶5 Marcinkowski, two of M.C.R.'s sisters, and two of M.C.R.'s close friends also testified. They objected to the petition on the basis that Laine was intimidating and overly controlling of M.C.R. and that no full guardian was required given M.C.R.'s ability to be largely self-reliant. They suggested that M.C.R. be allowed to live at her home outside Montana City with full-time live-in care, observing that she had the financial resources to do so.

¶6 The District Court granted Laine's petition, largely agreeing with the opinions of Nickol and Dr. Bogumill that M.C.R. needed a guardian and would not be best served by removal from the assisted living facility. The court also found that Laine had

3

commendably cared for her mother's financial and medical needs, and "no credible alternative" had been presented that "would cause the Court to dislodge [Laine] as [M.C.R.'s] guardian and conservator." The court concluded that the statutory requirements for appointment under § 72-5-312, MCA, were met and that Laine's appointment as M.C.R.'s full guardian and conservator "encourages [M.C.R.'s] maximum self-reliance and independence," as required under § 72-5-306, MCA.

¶7 Marcinkowski timely appealed. She argues that the District Court's findings of fact do not support its conclusion that Laine's guardianship promotes M.C.R.'s maximum self-reliance and independence and that the court abused its discretion in establishing a guardianship unwarranted by M.C.R.'s physical and mental states. Laine responds that Marcinkowski misrepresents the District Court's findings of fact and that the court's establishment of the guardianship was clearly within its discretion. She also asserts that Marcinkowski's alleged distortion of the record renders this appeal frivolous, and seeks attorney fees and costs pursuant to M. R. App. P. 19(5).

¶8 We review a district court's appointment of a guardian for an incapacitated person for abuse of discretion. *In re Co-Guardianship of D.A.*, 2004 MT 302, ¶ 11, 323 Mont. 442, 100 P.3d 650. After reviewing the record and the briefs of the parties, we are persuaded that the District Court's conclusions as to M.C.R.'s need of a guardianship and Laine's fitness for such purpose are supported by substantial evidence and were clearly within the court's discretion. Notably, the court relied heavily on the testimony of the professionals who were in closest contact with both M.C.R. and Laine, and who testified that they believed it to be in M.C.R.'s best interests to live in an assisted living facility

4

with Laine as her guardian. Furthermore, the District Court's allegedly inconsistent findings of fact are not as Marcinkowski would have us believe, and her argument on this point is without merit. Rather, as is readily apparent, the trial court was simply recounting Marcinkowski's own testimony and opinion on the matter.

¶9 Lastly, while we reject Marcinkowski's arguments on appeal, we cannot conclude that she made them in bad faith. *Cooper v. Glaser*, 2010 MT 55, ¶ 16, 355 Mont. 342, 228 P.3d 443. There was certainly testimony presented in support of Marcinkowski's position and she is entitled to appellate review of the District Court's decision. We therefore decline to award attorney's fees and costs pursuant to M. R. App. P. 19(5).

¶10 The judgment of the District Court is affirmed.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT