FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0282

DA 16-0282

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 291

ROBERT CRAWFORD,

        Plaintiff and Appellant,

   v.

CASEY COUTURE, FLATHEAD TRIBAL POLICE OFFICER;
FLATHEAD TRIBAL POLICE DEPT.; CONFEDERATED SALISH
KOOTENAI TRIBAL GOVERNMENT; and OTHERS UNKNOWN,

        Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District,<br>In and For the County of Lake, Cause No. DV-15-243<br>Honorable James A. Manley, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Robert Lee Crawford (Self-Represented), Deer Lodge, Montana

        For Appellees:

            Rhonda Swaney, Shane A. Morigeau, Confederated Salish and Kootenai
            Tribes, Pablo, Montana

                    Submitted on Briefs:  October 12, 2016

                           Decided:  November 15, 2016

Filed:

_____
                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Robert Crawford (Crawford) appeals from an April 20, 2016 District Court order granting a motion to dismiss Crawford's claims against Flathead Tribal Police Officer Casey Couture (Couture), the Flathead Tribal Police Department, and the Confederated Salish Kootenai Tribal Government.  We affirm.

¶2     We restate the issue on appeal as follows:

*Issue:  Did the District Court err when it dismissed Crawford's claims for lack of subject matter jurisdiction?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On March 13, 2012, Crawford was pulled over by Couture on the Flathead Reservation.  Couture identified each person in the vehicle, arrested one, letting Crawford and the others leave.  Couture was then in contact with Crawford's parole officer, who informed Couture that Crawford was in violation of his parole because he did not have permission to be traveling in that area.  On March 17, 2012, Lake County Deputy Sheriff Levi Read (Read) arrested Crawford on the Flathead Reservation upon a warrant issued by Butte-Silver Bow County Probation for parole violations.  The State charged Crawford with criminal possession of dangerous drugs.  A jury found him guilty. Crawford appealed his conviction and we affirmed in *State v. Robert Lee Crawford*, 2016 MT 96, 383 Mont. 229, 371 P.3d 381.

¶4     During his appeal, Crawford filed the instant complaint in state court seeking recovery from the named defendants.  Crawford alleged numerous claims including libel, slander, false imprisonment, and injuries involving property due to inappropriate conduct

by Couture. The Tribes, on behalf of the Tribes, Couture, and the Police Department filed a motion to dismiss the complaint or in the alternative summary judgment. The District Court granted the Tribes motion to dismiss based on lack of subject matter jurisdiction and the sovereign immunity of the Tribe. Crawford appealed.

## STANDARD OF REVIEW

¶5 "We review de novo a district court's ruling on a motion to dismiss for lack of subject matter jurisdiction." *Big Spring v. Conway (In re Estate of Big Spring)*, 2011 MT 109, ¶ 20, 360 Mont. 370, 255 P.3d 121 (citing *Cooper v. Glaser,* 2010 MT 55, ¶ 6, 355 Mont. 342, 228 P.3d 443). "A district court must determine whether the complaint states facts that, if true, would vest the court with the subject matter jurisdiction. This determination by a district court is a conclusion of law that we review for correctness." *Big Spring,* ¶ 20 (citing *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552).

## DISCUSSION

¶6 *Issue: Did the District Court err in dismissing Crawford's claims for lack of subject matter jurisdiction?*

¶7 Absent express authorization by Congress, state courts lack jurisdiction over Indian tribes and tribal members within their reservations. *Williams v. Lee*, 358 U.S. 217, 223, 79 S. Ct. 269, 272 (1959). When analyzing both regulatory and adjudicatory actions involving tribes and their members for conduct occurring within tribal territory, the State must determine if the "exercise of jurisdiction by a state court or regulatory body is preempted by federal law." *Big Spring*, ¶ 46. If it is not preempted then the State must

3

determine if the "action infringes on tribal self government." *Big Spring*, ¶ 46. If either is present, the state court will not have subject matter jurisdiction.

¶8 The State does not have subject matter jurisdiction over Crawford's claims. Congress has not authorized state jurisdiction of civil claims against the Tribe or tribal officers. *See Williams*, 358 U.S. at 223, 79 S. Ct. at 272. Further, Crawford's claims do not fall under the limited concurrent jurisdiction agreement between the Tribes and the United States. 18 U.S.C. § 1162; 28 U.S.C. § 1360 (P.L. 280); *see als*o Laws of the CSKT § 1-2-105 (2013). Crawford has not identified any basis in federal law that would provide the State court jurisdiction over his claims. His claims are preempted by federal law.

¶9 Tribal self-governance would also be infringed upon if the State asserted jurisdiction. Crawford's claims are against the Tribe, tribal members, and tribal government departments regarding a series of events occurring entirely within the exterior boundaries of the reservation. There is no scenario where the state would not be infringing on the Tribes right to self-governance in this case if state jurisdiction was asserted. "[T]he exercise of state jurisdiction over activities occurring entirely on Indian lands is an infringement on inherent tribal authority and is contrary to principles of self-government and tribal sovereignty." *In re Fair Hearing of Hanna*, 2010 MT 38, ¶ 17, 355 Mont. 236, 227 P.3d 596 (citing *Flat Ctr. Farms, Inc. v. State*, 2002 MT 140, ¶ 13, 310 Mont. 206, 49 P.3d 578).

¶10 The Tribe is a sovereign authority with the authority over its members and its territories. Tribes are "'domestic dependent nations' that exercise inherent sovereign

authority over their members and territories.'" *Confederated Salish & Kootenai Tribes v. Clinch*, 2007 MT 63, ¶ 18, 336 Mont. 302, 158 P.3d 377 (citing *Oklahoma Tax Comm'n v. Potawatomi Tribe*, 498 U.S. 505, 509, 111 S. Ct. 905, 909 (1991)). "Suits against Indian tribes are . . . barred by sovereign immunity absent a clear waiver or congressional abrogation." *Oklahoma Tax Comm'n,* 498 U.S. at 509, 111 S. Ct. at 909.

## CONCLUSION

¶11 The District Court properly dismissed Crawford's claims based on lack of subject matter jurisdiction and sovereign immunity.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE