FILED

05/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0633

DA 16-0633

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 132N

WOLF'S INTERSTATE LEASING & SALES, LLC,
d/b/a Wolf's Bozeman Suzuki LLC,

     Plaintiff,

  v.

AARON BANKS and GLEN CROFT, doing business under
the assumed and unregistered names of BB&C LLC and
BANKCROFT TRANSPORTATION SERVICES LLC,

     Defendants and Counter-Claimants.

---

AARON BANKS and GLEN CROFT, doing business under
the assumed and unregistered names of BB&C LLC and
BANKCROFT TRANSPORTATION SERVICES LLC,

     Third Party Plaintiffs and Appellees,

  v.

PHILLIP WOLF, individually, WOLF INTERSTATE LEASING
& SALES, LLC, d/b/a Wolf's Bozeman Suzuki LLC, and
AMERICAN SUZUKI MOTOR CORP.,

     Third Party Defendants and Appellants.

---

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-08-831B
                Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

             Phillip Wolf (Self-Represented), Belgrade, Montana

       For Appellees:

             Todd A. Stubbs, Stubbs Law, P.C., Manhattan, Montana

Submitted on Briefs: April 12, 2017

Decided: May 30, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This contract case has been long-litigated in the Eighteenth Judicial District Court, Gallatin County, and has been before this Court multiple times. For the earlier factual and procedural background of the case, see *Wolf's Interstate Leasing & Sales, L.L.C. v. Banks*, 2009 MT 354, 353 Mont. 189, 219 P.3d 1260. In March 2015 and February 2016, we dismissed without prejudice two premature appeals filed by Phillip Wolf.

¶3 In this appeal, self-represented Wolf claims the District Court erred when it: (1) denied his motion to reschedule the damages hearing; (2) determined that he had waived the right to arbitrate; and (3) denied, as untimely, his M. R. Civ. P. 60(b) motion for relief from judgment.

¶4 The District Court has broad discretion in determining issues relating to trial administration. *Fink v. Williams*, 2012 MT 304, ¶ 18, 367 Mont. 431, 291 P.3d 1140. Here, the record indicates that the parties were notified of the October 3, 2014 damages hearing date approximately two months before the hearing was to be conducted. Approximately two weeks before the hearing, Wolf moved to reschedule it to a later date because he had "previous scheduled obligations." Wolf did not claim he had not been

3

served with the notice nor did he claim that financial difficulties precluded his attendance. Basically, Wolf offered no good cause for an extension. Under the circumstances of this case, the District Court did not abuse its discretion in denying Wolf's motion.

¶5 Nonetheless, the scheduled October 2014 damages hearing was continued after Wolf filed one of the premature appeals referenced above. Upon dismissal of the appeal by this Court, the District Court scheduled the damages hearing for May 29, 2015. Wolf did not appear. He now asserts that Appellees relied upon, and the District Court accepted, hearsay evidence at the hearing which, in turn, lead the court to conclude that Wolf had waived his contractual arbitration right. As Wolf failed to appear at the hearing, no objection to the introduced evidence was raised. It is well-established, with few exceptions, that we will not address issues raised for the first time on appeal. To do so would be fundamentally unfair to the trial court. *Grizzly Sec. Armored Express, Inc. v. Bancard Servs.*, 2016 MT 287, ¶ 59, 385 Mont. 307, 384 P.3d 68. The District Court did not abuse its discretion in admitting the Appellees' unchallenged evidence nor did it err in concluding that, based upon that evidence, Wolf had waived his right to arbitrate the matter.

¶6 On February 7, 2014, Wolf, who had been granted permission to appear telephonically, failed to appear at the final pretrial conference scheduled in the matter. Following the conference at which Appellees' counsel appeared, the District Court granted Appellees' motion for default on both liability and damages. On April 25, 2014, Wolf filed a M. R. Civ. P. 60(b) motion to set aside the default judgment. Pursuant to Rule 60(c)(1), the District Court denied the motion. Wolf argues the District Court erred in denying his Rule 60(b) motion.

4

¶7 M. R. Civ. P. 55(c) allows the district court to "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Wolf failed to present sufficient evidence to establish good cause; consequently, the District Court did not err in denying his motion.

¶8 Wolf further alleges a claim that his "constitional [sic] right to contract has been taken away by a very heavy handed district court judge." However, he fails to develop any legal argument or support for a constitutional claim and we decline to speculate as to the substance of his alleged claim.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous, its interpretation and application of the law were correct, and its ruling was not an abuse of discretion.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON