FILED

August 20 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0745

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 238

IN RE THE MARRIAGE OF:

VIOLA K. ANDERSON,

        Petitioner and Appellant,

    and

GARY L. ANDERSON,

        Respondent and Appellee.


APPEAL FROM:    District Court of the Eighth Judicial District,
                       In and For the County of Cascade, Cause No. DDR 10-772
                       Honorable Dirk M. Sandefur, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Daniel L. Falcon, Falcon, Lester & Schaff, P.C.; Great Falls, Montana

        For Appellee:

                Patrick R. Watt, Jardine, Stephenson, Blewett & Weaver, P.C.; Great Falls, Montana


                           Submitted on Briefs:  July 24, 2013

                                   Decided:  August 20, 2013

Filed:

               _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Viola Anderson (Viola) and Gary Anderson (Gary) entered into a mediated property settlement agreement as part of their dissolution of marriage. The District Court (McKittrick, J.) approved the property settlement agreement and decree of dissolution. Viola sought relief from judgment, on the grounds that the property settlement agreement was unconscionable and failed to include a disclosure of assets, as required by § 40-4-254, MCA. The District Court for the Eighth Judicial District, Cascade County (Sandefur, J.), denied Viola's claim for relief from judgment. Viola appeals. We affirm.

¶2      We address the following issues on appeal:

¶3      *Whether the District Court (Sandefur, J.) abused its discretion when it denied Viola's Rule 59(e) and 60(b) motions based on the District Court's (McKittrick, J.) failure to consider whether the property settlement agreement was unconscionable?*

¶4      *Whether the District Court abused its discretion when it determined that the property settlement agreement was valid without a disclosure of assets?*

### PROCEDURAL AND FACTUAL BACKGROUND

¶5      Viola and Gary sought the dissolution of their 35-year marriage. Viola and Gary agreed to mediation to divide the marital property. Viola and Gary owned a trailer court in Lewistown and a rental property in Ulm. Viola and Gary also owned property along the scenic Smith River in Montana. The Smith River, popular for floating and fishing, rises in the Castle Mountains in Meagher County and flows northwest between the Big Belt and Little Belt Mountains, to its confluence with the Missouri River. Only one public put-in and

2

one public take-out exists in this 59-mile stretch of river, and access is limited by a permit lottery system.

¶6 Viola and Gary's Smith River property included a ranch operation, a guest ranch, and an outfitting business named the Heaven on Earth Ranch. Groups with a float permit can stop overnight at the Heaven on Earth Ranch during their float, or groups can visit the guest ranch to experience the scenic river without receiving a permit or participating in a multi-day float.

¶7 The parties did not complete an assessment on the value of the ranch or guest ranch business before the mediation. The parties stipulated that the final disclosure requirements either had been met or had been waived. Viola had served as the bookkeeper for the ranch and guest ranch business for a number of years.

¶8 Both Viola and Gary were represented by counsel at the mediation. Pursuant to the property settlement agreement, Viola received a lump sum payment of $300,000, three jointly owned CDs worth $300,000, 100 chute-counted cows or $100,000, the rental property in Ulm worth $184,000, with a yearly rental income of $6,600, a monthly payment from Gary of $2,000 for the rest of her life, and up to $2,500 in attorney fees. Viola also remained the named beneficiary of Gary's $150,000 life insurance policy.

¶9 Gary received the Smith River ranch, guest ranch, and outfitting business. Gary also received the ranching and outfitting equipment and the livestock. The parties did not assign a value to these assets. Gary accepted responsibility for the debt associated with these businesses, which Gary estimated amounted to $500,000.

3

¶10    Viola actively participated in the mediation. She added several terms to the property settlement agreement. Viola required that the cattle be chute-counted to ensure that she did not receive only culls in her 100 cows. Viola also requested, and received, the ability to recreate on the Smith River property for the rest of her life. Viola's counsel explained the terms of the proposed settlement agreement to Viola. The mediator also explained the terms of the proposed settlement agreement to Viola. Viola agreed to sign the settlement agreement without reading it herself after her counsel and the mediator provided these explanations of its terms.

¶11    The District Court (McKittrick, J.) held a dissolution hearing on August 22, 2012. Gary appeared with his counsel. Viola and her counsel did not attend. The District Court entered a decree that deemed the property and debts "equitably distributed." Viola obtained new counsel shortly after the mediation. She filed M. R. Civ. P. 59(e) and 60(b) motions on September 18, 2012, through her new counsel. Viola claimed that she had expected to receive a lump sum cash payment of $3,000,000, and had realized belatedly that the property settlement agreement included a cash payment of only $300,000.

¶12    Viola alleged that the property settlement agreement was unconscionable. Viola further alleged that the District Court had violated § 40-4-254, MCA, by accepting the property settlement agreement even though the parties had failed to assess the value of the property. The District Court (Sandefur, J.) denied Viola's motions. Viola appeals.

**STANDARD OF REVIEW**

4

¶13 This Court's review of a district court's ruling pursuant to M. R. Civ. P. 60(b) depends on the nature of the final judgment. *Puhto v. Smith Funeral Chapels, Inc.*, 2011 MT 279, ¶ 8, 362 Mont. 447, 264 P.3d 1142. In cases not involving relief from a default judgment, the Court reviews the ruling of a district court for abuse of discretion. *Puhto*, ¶ 8. We review a district court's denial of a Rule 59(e) motion for abuse of discretion. *In re Marriage of Johnson*, 2011 MT 255, ¶ 12, 362 Mont. 236, 262 P.3d 1105.

## DISCUSSION

¶14 *Whether the District Court (Sandefur, J.) abused its discretion when it denied Viola's Rule 59(e) and 60(b) motions based on the District Court's (McKittrick, J.) failure to consider whether the property settlement agreement was unconscionable?*

¶15 Viola did not appear during the dissolution and property division hearing before the District Court (McKittrick, J.) on August 22, 2012. Viola did not argue at the hearing that the property settlement agreement was unconscionable. Viola nevertheless contends that the District Court (McKittrick, J.) abused its discretion when it failed to consider whether the property settlement agreement was unconscionable pursuant to § 40-4-201, MCA.

¶16 The District Court (McKittrick, J.) stated that "the property and debts of the parties are equitably distributed between the parties as set forth in the Property Settlement Agreement." This Court considered the relationship between a finding of "equitable" and a finding of "not unconscionable" in *In re Marriage of Miller*, 238 Mont. 197, 201-02, 777 P.2d 319, 322-23 (1989). In *In re Marriage of Miller*, the district court determined that the property division was "not unconscionable." This determination did not meet the higher

5

threshold of "equitable." *In re Marriage of Miller*, 238 Mont. at 201-02, 777 P.2d at 322-23. Here, the District Court (McKittrick, J.) determined that the property division was "equitable." This determination met the lower threshold that the property division was "not unconscionable."

¶17    A district court engages in discretionary action when it determines whether a marital and property settlement agreement is not unconscionable. This type of discretionary action cannot be categorized accurately as either a finding of fact or a conclusion of law. *In re Marriage of Rolf*, 2000 MT 361, ¶ 20, 303 Mont. 349, 16 P.3d 345 (overruled on other grounds). This Court presumes that these discretionary judgments are correct and will not disturb them absent an abuse of discretion by the trial court. *In re Marriage of Rolf*, ¶ 20.

¶18    This Court considered in *In re Marriage of Lawrence*, 197 Mont. 262, 271, 642 P.2d 1043, 1048 (1982), the conscionability of a property settlement agreement in which the wife received $50,000 and $9,600 in alimony, and the husband received the remainder of the $422,000 marital estate. This Court noted that stock shares with fluctuating values comprised the majority of the marital estate. *In re Marriage of Lawrence*, 197 Mont. at 271-72, 642 P.2d at 1048. One of the companies was in serious financial trouble and the husband personally had guaranteed a $300,000 small business loan for the company. *In re Marriage of Lawrence*, 197 Mont. at 272, 642 P.2d at 1048. The Court recognized that the husband had risked bankruptcy in order to save this company. Given these circumstances, the Court determined that the distribution of the marital property was not unconscionable. *In re Marriage of Lawrence*, 197 Mont. at 272, 642 P.2d at 1048.

6

¶19 The District Court (Sandefur, J.) noted that although Gary received the majority of the real property from the marital estate, Gary also took responsibility for all of the debt owed by the marital estate. Gary estimated that this debt amounted to $500,000. Gary's certified public accountant submitted an affidavit stating that the Heaven on Earth Ranch and the ranch business had suffered a net loss of $83,000 from 2006 to 2011, and an additional $61,491 loss for bills that should have been paid in 2011 but were not paid until 2012, for a total loss of almost $144,500.

¶20 Much like the spouse in *In re Marriage of Lawrence*, Viola received an upfront payment of cash and assets, and a guaranteed income stream. Viola received almost $900,000 in cash and assets and $24,000 each year for the rest of her life. Gary received more assets than Viola, but he also accepted the risk associated with those assets and the debts associated with those assets.

¶21 We cannot say that the District Court (McKittrick, J.) abused its discretion in determining that the property settlement agreement met the not unconscionable threshold. We also cannot say that the District Court (Sandefur, J.) abused its discretion in denying the M. R. Civ. P. 59 and 60 motions in which Viola alleged that the property settlement agreement was unconscionable.

¶22 *Whether the District Court abused its discretion when it determined that the property settlement agreement was valid without a disclosure of assets?*

¶23 Section 40-4-254, MCA, provides that "[a]bsent good cause, the court may not enter a judgment with respect to the parties' property rights" unless the parties have provided a full

disclosure of assets. Gary and Viola did not have an appraisal of the ranch, guest ranch, or outfitting business properties conducted before the District Court (McKittrick, J.) entered its Final Decree of Dissolution of Marriage. Viola argues that the District Court's failure to require disclosure represents reversible error, and the District Court's (Sandefur, J.) failure to grant her M. R. Civ. P. 59(e) and 60(b) motions represents an abuse of discretion.

¶24 The District Court (Sandefur, J.) considered whether the District Court (McKittrick, J.) could have found "good cause" to not require a final disclosure of assets. The District Court (Sandefur, J.) noted that "all of the marital assets in this case and liabilities were well-known to both parties." Viola had acted as the bookkeeper for the ranch and guest ranch business for a number of years. Viola does not allege that Gary misled her about the existence of an asset, or the value of any asset.

¶25 Viola nevertheless contends that she suffered prejudice from Gary's failure to submit a final disclosure of assets. Viola claims that she sought and expected to receive "half" of the marital property in the property settlement agreement. Viola claims that if the parties had valued all of the assets before the property settlement agreement, Viola would have known what "half" was, and that she would have required the property settlement agreement to provide her with "half."

¶26 Viola admits, however, that she believed and continues to believe that the entire marital property was worth about $8 million. Viola does not claim that Gary misled her about the value of the marital estate. Viola further admits that she accepted a property settlement agreement that provided her with less than $4 million. This admission

8

undermines Viola's claim that she suffered prejudice from Gary's failure to provide a final disclosure of assets.

¶27 The District Court (Sandefur, J.) determined that no credible evidence existed to suggest that compliance with § 40-4-254, MCA, "would have had any material effect on the parties' understandings of the valuation of the marital estate" during the mediation. As the District Court noted, Viola served as the bookkeeper for the ranch and the outfitting business for a number of years. Viola was familiar with all of the marital property and its approximate value. We agree that Viola has failed to demonstrate that she suffered any prejudice from the District Court's (McKittrick, J.) entry of judgment without a final disclosure of assets.

¶28 Further, "[w]e will not put a district court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which the appellant made no objection." *In re Caras*, 2012 MT 25, ¶ 22, 364 Mont. 32, 270 P.3d 48 (upholding division of marital assets despite the parties' failure to file a final disclosure of assets in compliance with § 40-4-254, MCA). Viola failed to contest the entry of the dissolution of marriage and division of assets before the District Court (McKittrick, J.).

¶29 We cannot say that the District Court (Sandefur, J.) abused its discretion for failing to grant Viola's M. R. Civ. P. 59 and 60 motions on the basis that the District Court (McKittrick, J.) failed to require a full disclosure of assets.

¶30 Affirmed.

/S/ BRIAN MORRIS

9

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON