FILED

August 19 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0838

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 229N

JOHN JENKINS and CANDACE JENKINS,

        Plaintiffs and Appellants,

    v.

U.S. BANK NATIONAL ASSOCIATION TRUSTEE,
UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF SEPTEMBER 1, 2005,
WACHOVIA MORTGAGE LOAN ASSET BACKED
CERTIFICATES, SERIES WMC-1, and DOES 1-50
INCLUSIVE,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 11-1418
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

          John Jenkins and Candace Jenkins, self-represented, Missoula, Montana

       For Appellees:

          Mark C. Sherer, Mackoff Kellogg Law Firm, Dickinson, North Dakota

                    Submitted on Briefs:  July 30, 2014
                           Decided:  August 19, 2014

Filed:

                  _____
                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    John Jenkins and Candace Jenkins, husband and wife, appeal from the order of the Fourth Judicial District Court, Missoula County, denying their motions to vacate the court's earlier summary judgment ruling. We affirm.

¶3    The Jenkins executed a promissory note in the amount of $178,000.00. They also executed a deed of trust to secure repayment of the note, which identified WMC Mortgage Corp. as the lender and Mortgage Electronic Registration Systems, Inc., as the beneficiary. At closing, the Jenkins executed a notice which stated that the lender would not be withholding monies for property taxes and hazard insurance and that the Jenkins would be responsible for the payment of these expenses.

¶4    John Jenkins was deployed in the Army Reserve and remained on active status from March 2009 to August 2010. Pursuant to the Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-515, 516-597b), the interest rate on the Jenkins' loan was reduced from 6.625 percent to 6.000 percent during John's deployment, and continuing through June 9, 2011. As a result, the Jenkins' monthly payment of principal and interest was reduced from $1,058.00 to $970.54.

¶5 Meanwhile, on August 10, 2009, HomEq Servicing (the loan servicer at the time) notified the Jenkins that their property taxes were delinquent and gave them 30 days to cure the deficiency. On November 4, 2009, HomEq notified the Jenkins that it had paid the delinquent taxes and that an escrow account would be set up. The Jenkins were given the opportunity either to pay off the escrow balance in a lump sum of $5,154.46 or to have their monthly payments increased from $970.54 to $1,457.03 until the escrow balance was paid. On August 11, 2010, HomEq notified the Jenkins that it no longer would be the servicer of their loan. On September 13, 2010, Ocwen Loan Servicing, LLC (the new servicer) advised the Jenkins of the unpaid balance on the loan, including principal, accrued interest, escrow advances, and the balance of the suspense fund.

¶6 On March 5, 2011, the Jenkins sent Ocwen a check in the amount of $1,100.00. Ocwen returned the check to the Jenkins. On June 13, 2011, the Jenkins attempted to make a payment in the amount of $1,500.00, but this payment was returned as well. On June 22, 2011, Mortgage Electronic Registration Systems executed an assignment which transferred the deed of trust to defendant U.S. Bank National Association as trustee. On August 3, 2011, a notice of trustee's sale was recorded in the Missoula County Clerk and Recorder's office. The notice stated that the Jenkins had defaulted on the terms of the note and deed of trust by failing to make the monthly payments that came due beginning March 1, 2011.

¶7 On November 3, 2011, the Jenkins filed a complaint in the District Court asserting that the foreclosure is erroneous and seeking injunctive relief to stop the trustee's sale. The Jenkins alleged that their March 2011 payment of $1,100.00 should have been

3

accepted and that U.S. Bank had no authority to pay the 2009 real estate taxes and the escrow set-up fee that was imposed. Additionally, the Jenkins argued that U.S. Bank had unlawfully increased their mortgage payment while John Jenkins was on active duty.

¶8 On July 25, 2012, WMC Mortgage executed an allonge endorsing the promissory note to U.S. Bank. On April 30, 2013, after examining the original promissory note, the District Court granted U.S. Bank's motion for summary judgment and dismissed the Jenkins' complaint with prejudice. The court determined: that U.S. Bank is the holder of the note; that the Jenkins' monthly principal and interest payments were appropriately reduced pursuant to the Servicemembers Civil Relief Act; and that U.S. Bank was authorized, by the deed of trust and the Jenkins' failure to pay the property taxes, to set up an escrow account to recoup the delinquent taxes. The court entered judgment on May 20, 2013, and U.S. Bank filed notice of entry of judgment on June 6, 2013.

¶9 The Jenkins filed a motion on September 9, 2013, followed by an amended motion on October 8, 2013, asking the District Court to vacate summary judgment. They argued that there are genuine issues of material fact and that the case should proceed to trial. U.S. Bank responded that the Jenkins' motion was untimely and that their argument regarding the existence of disputed facts was incorrect. The District Court determined that the Jenkins' right to appeal the court's May 20, 2013 judgment is time-barred under M. R. App. P. 4(5)(a)(i). The court further determined that, if the Jenkins' motions were treated as motions to alter or amend the judgment, the motions were untimely under M. R. Civ. P. 59(e). Finally, the court determined that, if the Jenkins' motions were treated as motions for relief from judgment under M. R. Civ. P. 60(b), the motions failed

4

to meet any of the grounds for relief under this rule. The District Court accordingly denied the motions on November 14, 2013. U.S. Bank filed notice of entry of order on November 20, 2013. On December 13, 2013, the Jenkins filed with the Clerk of this Court their notice of appeal from the District Court's November 14, 2013 order.

¶10 On appeal, the Jenkins argue that the District Court should not have denied their motions to vacate summary judgment. In response, U.S. Bank contends that the motions, in substance, were merely claims that the District Court had mistakenly ruled against the Jenkins and an effort to reinstate the lawsuit. U.S. Bank maintains that the District Court did not abuse its discretion in denying the motions given that they were untimely and that the Jenkins failed to establish a factual or legal basis for relief under M. R. Civ. P. 59(e) or 60(b).

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. A district court has discretion to grant or deny relief under M. R. Civ. P. 59(e) and 60(b). *JAS, Inc. v. Eisele*, 2014 MT 77, ¶ 19, 374 Mont. 312, 321 P.3d 113; *In re Marriage of Anderson*, 2013 MT 238, ¶ 13, 371 Mont. 321, 307 P.3d 313. The District Court determined that the Jenkins' motions to vacate were untimely under Rule 59(e) and that they failed to establish a sufficient basis for granting relief from the court's judgment under Rule 60(b). The Jenkins have failed to demonstrate on appeal that the District Court abused its discretion.

¶12    Affirmed.


                                          /S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE