FILED

January 19 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0244

DA 15-0244

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 18N

IN RE THE MARRIAGE OF:

LESTER ALVIN PLOTNER,

      Petitioner and Appellant,

  v.

ALEXANDRA LEA PLOTNER,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
               In and For the County of Yellowstone, Cause No. DR-14-0273
               Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Elizabeth J. Honaker, Honaker Law Firm, Billings, Montana

        For Appellee:

        Stephen C. Mackey, Yvette K. Lafrentz, Towe, Ball, Mackey, Sommerfeld
        & Tuner, P.L.L.P., Billings, Montana

                        Submitted on Briefs:  December 30, 2015
                                Decided:  January 19, 2016

Filed:

                                          Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lester Alvin Plotner (Lester) appeals from an order issued by the Thirteenth Judicial District Court, Yellowstone County, adopting a final parenting plan and granting his former spouse, Alexandra Lea Plotner (Alex), primary custody of their two minor children. Alex requests this Court impose sanctions pursuant to M. R. App. P. 19(5) for an appeal taken without reasonable grounds. We affirm the decision of the District Court and deny Alex's request for sanctions.

¶3 We address the following issues on appeal:

1. *Whether the District Court abused its discretion in entering its findings of fact.*

2. *Whether the District Court erred in determining the best interests of the Plotner children.*

3. *Whether the District Court abused its discretion in admitting evidence.*

4. *Whether Alex is entitled to attorney's fees for the cost of this appeal.*

¶4 Lester and Alex Plotner were married in Yellowstone County, Montana, in March 2009. They have two minor children born of the marriage, K.P., born in 2008, and A.P., born in 2011. Lester is employed full time with the Army National Guard. Alex is employed full time at Sports Authority and is a part-time member of the Army National

Guard. The parties separated in December 2013, after which they shared parenting equally with the children spending alternating weeks with each parent.

¶5 On March 21, 2014, Lester filed a petition for dissolution of marriage and a proposed parenting plan. He asked that the court adopt the current parenting arrangement wherein he and Alex would continue to alternate weeks with the children. Alex responded with a proposed parenting plan under which she would receive primary custody, the children would spend alternating weekends and holidays with Lester, and the children would reside with Lester for a consecutive three-week period in the summer. After a hearing, the District Court entered findings of fact, conclusions of law, and order adopting the parenting plan proposed by Alex.

¶6 Lester appeals.

¶7 1. *Whether the District Court abused its discretion in entering its findings of fact.*

¶8 Lester contends that the District Court abused its discretion in entering several findings of fact, namely: Finding of Fact 10: Lester has a propensity not to be civil when communicating with Alex; Finding of Fact 11: Lester refuses to allow Alex to communicate with the girls when he has them during his week; Finding of Fact 12: Photos have been posted on Facebook of Lester and various others playing beer pong in the garage of the marital residence, and of Lester drinking at a bar; and Finding of Fact 13: On May, 10, 2014, during Lester's week with the children, Lester left the girls in the care of his brother, who unknowingly permitted A.P. and a friend to wander out of the house and a substantial distance into the neighborhood. Ultimately, a neighbor

3

discovered the children and they were returned, but not until after the police were notified of the incident.

¶9 We have carefully reviewed the record and conclude the District Court's findings are all supported by substantial evidence. At the hearing, Alex introduced evidence of email communications from Lester in which he directed several disparaging remarks towards her, including:

> I can't stand you . . . . You are dirty.
>
> Enough with the contacting me on my parenting week. You are harassing me. Stop asking, you fucked that up not me. Also, I don't care if you miss them it's not your week.

Lester further agreed during cross-examination that he referred to Alex as "the dirty barracks whore" in an email, and that he deliberately attempted to frustrate or deny contact between the children and Alex during his parenting weeks. Similarly, photos of Lester and others playing beer pong in his garage and Lester drinking beer at a bar were introduced into evidence. Lastly, Lester admitted during the hearing that his brother had lost the children during Lester's parenting week and they were not returned until a neighbor found them wandering in the street. The District Court did not abuse its discretion in entering its findings of fact.

¶10 2. *Whether the District Court erred in determining the best interests of the Plotner children*.

¶11 Lester argues that the District Court erred in determining the best interests of his children by failing to select the parenting plan he proposed. Lester contends that

4

continuing the current parenting arrangement is in the best interests of the children because it promotes frequent and continuing contact with both parents. Pursuant to § 40-4-212, MCA, a district court must "determine the parenting plan in accordance with the best interest of the child" after considering "all relevant parenting factors." Section 40-4-212(1), MCA, sets forth a number of factors for a district court to consider, including "whether the child has frequent and continuing contact with both parents, which is considered to be in the child's best interests." While a district court must consider the statutorily enumerated factors when making its determination, we have held it need not make a specific finding as to each. *In re the Marriage of Graham*, 2008 MT 435, ¶ 19, 347 Mont. 483, 199 P.3d 211.

¶12 Here, the District Court provided express findings as to each of the § 40-4-212(1), MCA, factors. Specifically, in regard to the statutory factor of "frequent and continuing contact" the court made extensive factual findings supporting its decision to grant Alex primary custody. The court explained that the parenting plan proposed by Lester "has not worked well." The court found that when the children were with him during his week, Lester failed to take K.P. to extracurricular activities, refused to take the children to birthday parties of the children's friends, and exhibited a pattern of isolating the children from any contact or communication with their mother. These findings are supported by substantial evidence. The District Court adequately considered the children's best interests in adopting Alex's proposed parenting plan.

¶13    *3. Whether the District Court abused its discretion in admitting evidence.*

¶14    Lester argues that the District Court abused its discretion in "admitting into evidence, over objection, certain emails between Lester and Alex, as well as other exhibits." Lester contends that he "had requested in discovery the production of all trial exhibits, and Alex had not produced these."[1] We review a trial court's decision regarding the imposition of sanctions for an alleged discovery violation to determine whether the court abused its discretion. *Richardson v. State*, 2006 MT 43, ¶ 21, 331 Mont. 231, 130 P.3d 634. In doing so, we will generally "defer to the district court because it is in the best position to determine both whether the party in question has disregarded the opponent's rights, and which sanctions are most appropriate." *Richardson*, ¶ 21. In reviewing whether sanctions are appropriate, we examine "the extent of the prejudice to the opposing party which resulted from the discovery abuse." *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 72, 303 Mont. 274, 16 P.3d 1002. During the hearing, Alex offered eleven exhibits into evidence, Exhibits A through K. Exhibits A through H were admitted without objection from Lester. We will not place the District Court in error for a ruling in which Lester made no objection. *In re Marriage of Anderson*, 2013 MT 238, ¶ 28, 371 Mont. 321, 307 P.3d 313. In regard to the admission of Exhibits I, J, and K—which consist of a Google Earth image of Lester's neighborhood and phone logs of dates and times of communications between the parties—Lester has failed to sufficiently

---

[1] It is not entirely clear which "certain emails" and "other exhibits" Lester is arguing the District Court abused its discretion in admitting. Nonetheless, for purposes of this appeal, we will assume that Lester is challenging the admission of all the exhibits Alex offered.

explain on appeal how he was unduly prejudiced by their admission. We conclude that the District Court did not abuse its discretion in admitting this evidence.

¶15   *4. Whether Alex is entitled to attorney's fees for the cost of this appeal.*

¶16   Alex requests that this Court impose sanctions pursuant to M. R. App. P. 19(5) for an appeal that is frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. To determine whether sanctions are appropriate under M. R. App. P. 19(5), we generally assess whether the arguments were made in good faith. *Cooper v. Glaser*, 2010 MT 55, ¶ 16, 355 Mont. 342, 228 P.3d 443. While we reject Lester's arguments, we believe that he exercised his right to appeal the decision of the District Court in good faith. We decline Alex's request for attorney's fees under M. R. App. P. 19(5).

¶17   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by the standards of review and settled law.

¶18   Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA