FILED

11/13/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0659

DA 24-0659

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2025 MT 263

IN RE THE MARRIAGE OF:

BRIDGET J. KELLY,

      Petitioner and Appellee,

   and

JOSEPH S. CAMP III,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-14-40
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          P. Mars Scott, P. Mars Scott Law Offices, Missoula, Montana

      For Appellee:

          Kevin S. Brown, Erin E. Harris, Paoli & Brown, P.C., Livingston, Montana

                     Submitted on Briefs:  October 8, 2025

                              Decided:  November 13, 2025

Filed:

_____
               Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Appellant Joseph S. Camp III (Joseph) appeals the Sixth Judicial District Court's Order denying his motion to set aside the Final Decree entered by the District Court on December 6, 2018, and his request for a new trial. Appellee Bridget J. Kelly (Bridget) requests her attorney fees and costs incurred on appeal pursuant to M. R. App. P. 19(5). We restate and address the following issues:

> *Issue 1: Whether the District Court abused its discretion by denying Joseph's motion to set aside the Final Decree pursuant to §§ 40-4-253 and -254, MCA.*

> *Issue 2: Whether Bridget is entitled to attorney fees and costs pursuant to M. R. App. P. 19(5).*

¶2 We affirm the District Court's Order and award Bridget her attorney fees and costs pursuant to M. R. App. P. 19(5). We remand this matter to the District Court to determine the reasonable attorney fees and costs Bridget incurred responding to Joseph's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Joseph and Bridget met while working in the film industry in California in the early 1990s, moved to Livingston in 1995, and their relationship was later recognized as a common law marriage. Joseph continued to work as an Assistant Director on films and television series throughout the marriage. Bridget stopped pursuing her career as a costume designer and became a stay-at-home-mom once the couple had children. The parties separated in 2013. Bridget petitioned for divorce in 2014.

¶4     During the course of their extensive dissolution proceedings, Bridget and Joseph exchanged financial information through numerous rounds of discovery. Neither Bridget nor Joseph submitted final declarations of disclosure as required by § 40-4-253(1), MCA.

¶5     The District Court held a two-day bench trial in September 2018. Bridget and Joseph framed the trial issues in their respective Trial Position Statements as equitable distribution of the marital estate, establishing a parenting plan, and determining whether Joseph would provide financial support to Bridget after the marriage was dissolved. The District Court issued a Final Decree on December 6, 2018. The Final Decree dissolved the marriage, distributed the marital estate, and ordered Joseph to pay Bridget spousal support, child support and pay the monthly mortgage for the marital home that was distributed to Bridget. Neither party asserted the District Court erred by entering the Final Decree without requiring the parties to exchange final disclosure statements as required by § 40-4-254, MCA, or challenged the decree on that basis.

¶6     Litigation over Joseph's obligations to provide financial support to Bridget ensued shortly after the District Court issued the Final Decree. In July 2019, Joseph filed a motion to modify the Final Decree, requesting the District Court to "suspend" all his obligations to provide financial support to Bridget except for child support. Joseph served Bridget with Interrogatories and a Request for Production after filing his motion, seeking information and documents that detailed Bridget's income, expenses, assets, and liabilities. Bridget filed a motion for protective order, arguing Joseph's discovery requests were outside the scope of discovery for the purposes of Joseph's motion to modify. Bridget

3

contended the discovery was duplicative of information Joseph already obtained during the dissolution proceedings and the information was not relevant since Joseph moved to suspend his financial obligations because his employment opportunities and health had allegedly deteriorated.

¶7     While Joseph's motion to modify and Bridget's motion for protective order were pending, Bridget moved the District Court to enforce the Final Decree and to hold Joseph in contempt for disobeying the Final Decree.  After filing his motion to modify, and without receiving authorization from the District Court, Joseph had ceased making spousal support payments and mortgage payments.  Joseph did not remedy his infraction after Bridget filed her motion, forcing Bridget to resort to enforcing the Final Decree through a writ of execution.

¶8     The District Court resolved the discovery dispute by issuing an order in April 2020 requiring Bridget to provide Joseph with certain information pertaining to her income.  The District Court issued a second order in July 2020 that held Joseph in contempt for not adhering to the Final Decree, denied Joseph's motion to modify the Final Decree, and awarded Bridget her attorney fees and costs.

¶9     In July 2021, Joseph appealed the District Court's rulings limiting the scope of Joseph's discovery regarding Bridget's financial information and denying Joseph's motion to modify spousal support.  We affirmed the District Court's orders in March 2022.

¶10    After we affirmed the District Court's orders, the dispute over Joseph's financial obligations resumed.  The District Court issued an order in April 2023 that held Joseph in

4

contempt for not paying spousal support. The District Court again ordered Joseph to reimburse Bridget the attorney fees she incurred in bringing the motion.

¶11 In May 2023, Joseph filed a motion to stay his obligation to pay spousal support, the mortgage, and the two attorney fees sanctions. Joseph again ceased paying spousal support and the mortgage after filing his motion, which prompted Bridget to file another motion requesting the District Court to hold Joseph in contempt. Although the District Court largely denied Joseph's motion to stay, it declined to hold Joseph in contempt for not making payments between May 2023 and November 2023.

¶12 On December 15, 2023, Joseph filed a motion to set aside the Final Decree pursuant to § 40-4-253, MCA, and requested the District Court to set a new trial. For the first time, Joseph asserted that the District Court erred by entering the Final Decree in 2018 without requiring the parties to exchange final disclosure statements as required by § 40-4-254, MCA. The District Court issued an order in October 2024 denying Joseph's motion as untimely. The District Court further reasoned that Joseph's motion should be denied because:

> Since the [2018 Final] Decree was entered, there have been multiple proceedings before the Court regarding enforcement of [Joseph's] obligations under the Decree. [Joseph's] arguments regarding [Bridget's] alleged failing to disclose assets was not raised in those proceedings, nor in issues raised by [Joseph's] two appeals to the Montana Supreme Court.

¶13 Bridget filed a motion in August 2024 requesting the District Court to hold Joseph in contempt as Joseph had again ceased making spousal support and mortgage payments

5

after filing the motion to set aside the Final Decree. This motion remains unresolved as Joseph's appeal proceeded before the District Court addressed the motion.

## STANDARDS OF REVIEW

¶14 We review a District Court's discretionary trial rulings for an abuse of discretion. *Martin v. BNSF Ry. Co.*, 2015 MT 167, ¶ 9, 379 Mont. 423, 352 P.3d 598. We may apply the same abuse of discretion standard to a District Court's rulings on discretionary post-trial motions. *Martin*, ¶ 9 (explaining the standard can apply to "motions for a new trial made pursuant to M. R. Civ. P. 59") (citing *In re Marriage of Johnson*, 2011 MT 255, ¶ 12, 362 Mont. 236, 262 P.3d 1105). We apply this standard to rulings on a motion to set aside a judgment made pursuant to § 40-4-253(5), MCA, because the District Court has discretion to fashion the appropriate post-judgment relief. *See* § 40-4-253(5), MCA, (the District Court "may set aside the judgment, or part of the judgment"). We review rulings based on the interpretation of statutes de novo for correctness. *Finn v. Dakota Fire Ins. Co.*, 2015 MT 253, ¶ 6, 380 Mont. 481, 356 P.3d 13 (citation omitted).

## DISCUSSION

¶15 *Issue 1: Whether the District Court abused its discretion by denying Joseph's motion to set aside the Final Decree pursuant to §§ 40-4-253 and -254, MCA.*

¶16 Section 40-4-253(5), MCA, allows a party to seek post-judgment relief if it comes to light that the opposing party committed perjury when making their final disclosure statement. We have recognized that the Legislature designed the disclosure statutes to protect parties from having to relitigate settled issues. *In re Marriage of Harms*, 2022

MT 41, ¶ 23, 408 Mont. 15, 504 P.3d 1108 (explaining the disclosure statutes "are designed to protect against relitigating a judgment when a party is fully informed of the asset")

¶17     Bridget contends that Joseph cannot seek relief under § 40-4-253(5), MCA, because the parties agree they never exchanged final disclosure statements.  Joseph asserts the District Court should have set aside the Final Decree without addressing whether he can seek post-judgment relief pursuant to § 40-4-253(5), MCA.

¶18     The District Court denied Joseph's motion to set aside the Final Decree because it concluded that Joseph did not file his motion within the timeframe set by § 40-4-253(5), MCA.  The District Court also determined Joseph failed to voice a timely objection to the Final Decree based on not exchanging final disclosure statements.  "We may affirm a trial court on any ground supported by the record, regardless of its reasoning." *State v. Wilson*, 2022 MT 11, ¶ 34, 407 Mont. 225, 502 P.3d 679 (citations omitted).  We affirm because § 40-4-253(5), MCA, does not authorize a District Court to set aside a judgment unless it discovers that a party committed perjury when making the final disclosure statement. Because we affirm the District Court on that basis, we need not address whether Joseph's motion was timely.

¶19     We construe statutory language within the context of the entire legislative scheme to effectuate its intended purpose. *In re Marriage of Taylor*, 2016 MT 342, ¶ 9, 386 Mont. 44, 386 P.3d 599 (citations omitted).  "The intent of the legislature is to be determined from the plain language of the statute." *In re N.A.*, 2021 MT 228, ¶ 11, 405 Mont. 277, 495 P.3d 45 (citing *In re J.J.*, 2018 MT 184, ¶ 13, 392 Mont. 192, 422 P.3d 699).  "If the intent can

7

be determined from the plain language of the statute, a court may not go further and apply any other means of interpretation." *In re N.A.*, ¶ 11 (citation omitted).

¶20 Joseph moved to set aside the Final Decree pursuant to § 40-4-253(5), MCA. Section 40-4-253(5), MCA, provides in relevant part that "the court may set aside the judgment, or part of the judgment, if the court discovers, within 5 years from the date of entry of judgment, that a party *has committed perjury in the final declaration of disclosure*." Section 40-4-253(5), MCA (emphasis added). Joseph conceded that the parties never exchanged final disclosure statements. Bridget could not commit perjury in a final disclosure that never existed in the first place.

¶21 Notwithstanding the plain language of the statute, Joseph asserts that the District Court should have set the Final Decree aside because the District Court erred by entering the Final Decree without requiring the parties to exchange final disclosure statement and the absence of exchanging final disclosures resulted in an inequitable distribution of the marital estate. It was not the District Court's function to craft a remedy out of whole cloth when the statute upon which Joseph based his motion plainly could not apply since he conceded Bridget did not make a final disclosure statement. A court's role is to ascertain what is contained within the statute, "'not to insert what has been omitted or to omit what has been inserted.'" *City of Missoula v. Fox*, 2019 MT 250, ¶ 18, 397 Mont. 388, 450 P.3d 898 (quoting § 1-2-101, MCA).

¶22 Joseph's reliance on § 40-4-254, MCA, is similarly unavailing. Joseph faults the District Court for "not requiring the parties to submit final disclosure statements before

entering the decree of dissolution." But Joseph was obviously aware at the time that the Final Decree was entered that neither he nor Bridget had submitted final disclosure statements and he acquiesced to entry of the Final Decree without final disclosure statements being exchanged by either party, both at the time the Final Decree was entered and for five years thereafter. In rejecting Joseph's argument, the District Court cited *In re Marriage of Anderson*, 2013 MT 238, 371 Mont. 321, 307 P.3d 313, and *In re Marriage of Caras*, 2012 MT 25, 364 Mont. 32, 270 P.3d 48, noting that this Court "has previously upheld the entry of a final decree in spite of the parties' failure to exchange final financial disclosures when the objecting party failed to timely voice their objection."

¶23 Joseph attempts to distinguish this case from *Marriage of Anderson* and *Marriage of Caras* with the unsupported assertion that he "had no opportunity to verify or challenge Bridget's financial representations before trial." But this matter was actively litigated for four years before the Final Decree was entered, with both parties represented by counsel. Joseph had ample opportunity to verify and challenge Bridget's financial representations before trial. Moreover, as the District Court correctly noted, in the five years *since* the Final Decree had been entered, Joseph had engaged in "multiple proceedings"—including two appeals to this Court—and never alleged a failure on Bridget's part to disclose assets. "'We will not put a district court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which the appellant made no objection.'" *Marriage of Caras*, ¶ 22 (quoting *In re Marriage of Stevens*, 2011 MT 106, ¶ 28, 360 Mont. 344, 253

P.3d 877). The District Court did not err by rejecting Joseph's argument to set aside the Final Decree and order retrial based on § 40-4-254, MCA.

¶24  *Issue 2: Whether Bridget is entitled to attorney fees and costs pursuant to M. R. App. P. 19(5).*

¶25  Bridget requests we award her the attorney fees and costs she incurred responding to Joseph's appeal because the appeal lacks merit and was intended impose a hardship on Bridget. We may issue sanctions, including costs and attorney fees, when we determine that an appeal is "frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." M. R. App. P. 19(5). We do not readily issue sanctions as they are only warranted "'where the appeal is entirely unfounded and intended to cause delay, or where counsel's actions otherwise constitute an abuse of the judicial system.'" *Little Big Warm Ranch, LLC v. Doll*, 2018 MT 300, ¶ 22, 393 Mont. 435, 431 P.3d 342 (quoting *Bi-Lo Foods, Inc. v. Alpine Bank*, 1998 MT 40, ¶ 36, 287 Mont. 367, 955 P.2d 154).

¶26  Joseph has extensively litigated his financial obligations under the Final Decree since it was issued in December 2018. Joseph has multiplied the proceedings through his own motions and by failing to comply with the Final Decree without first obtaining relief from the District Court. Joseph asserted that § 40-4-253(5), MCA, provided a basis for setting the Final Decree aside without providing any substantive legal authority or analysis in support of this assertion. Joseph's appeal appears to constitute yet another attempt to impede Bridget's effort to enforce the Final Decree. *E.g.*, *Jonas v. Jonas*, 2013 MT 202, ¶¶ 24-25, 371 Mont. 113, 308 P.3d 33 (sanctioning appellant because he

10

multiplied the litigation to delay enforcement). Bridget is entitled to the reasonable attorney fees and costs she incurred in this appeal.

## CONCLUSION

¶27 The District Court did not abuse its discretion by denying Joseph's motion to set aside the Final Decree and denying his request for a new trial. We remand this matter to the District Court to determine the reasonable attorney fees and costs Bridget incurred on appeal.

¶28 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ JIM RICE