DA 11-0423

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 109N

LINDA B. JONAS,

       Plaintiff, Appellee, and
       Cross-Appellant,

    v.

EDWIN R. JONAS, III,

       Defendant, Appellant, and
       Cross-Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Lake, Cause No. DV-09-388
                   Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, PLLP,
              Helena, Montana

       For Appellee:

              Quentin M. Rhoades, Robert D. Erickson, Sullivan, Tabaracci
              & Rhoades, P.C., Missoula, Montana

Submitted on Briefs:  March 14, 2012

Decided:  May 15, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Edwin R. Jonas, III (Edwin), appeals the Twentieth Judicial District Court's denial of his M. R. Civ. P. 60 (Rule 60) motion seeking relief from a judgment entered against him in New Jersey. He also appeals from an order recognizing the judgment in Montana, and seeks remand to the District Court for a hearing on allegations of fraud. Linda B. Jonas (Linda), his ex-wife, cross-appeals the District Court's denial of her request for costs, expenses, and attorney fees. We affirm.

## ISSUES

¶3 Edwin raises three issues on appeal and Linda raises one. We restate the issues as follows:

¶4 1. Did the District Court abuse its discretion in denying Edwin's Rule 60 motion on the basis of res judicata and law of the case?

¶5 2. Did the District Court abuse its discretion in denying Linda's request that Edwin and his attorney be required to pay her costs, expenses, and attorney fees for this round of litigation pursuant to § 37-61-421, MCA (2009)?

## FACTUAL AND PROCEDURAL BACKGROUND

2

¶6    The present appeal is the latest round in the divorce dispute between Edwin and Linda, which began when Linda filed for divorce in 1988 in New Jersey. Since then, numerous court orders, trials, and appeals have occurred, involving courts in New Jersey, Florida, and Montana; this is the second appearance of this dispute before this Court. On May 2, 2006, the final divorce judgment was entered in New Jersey. Prior New Jersey court orders described Edwin's "non-compliance with court-ordered obligations" and imposed measures on him "to ensure payment of his support obligations, including warrants for [his] arrest, authorization of [Linda] to sell [his] real property, appointment of [Linda] as receiver of a 7-11 store [he] owned, and establishment of a constructive trust." Linda was required to maintain records of the trust, and Edwin was allowed to seek an accounting of the trust and the appointment of an independent trustee, provided he complied with certain conditions, including personally appearing before the court and posting a surety bond to cover all outstanding judgments.

¶7    On May 23, 2006, a New Jersey superior court entered judgment (2006 Judgment) against Edwin for unpaid child support and alimony, among other things, in the amount of $695,476.97, interest totaling $147,205.35 as of December 31, 2005, a $3,000 per month ongoing alimony obligation, and attorney fees and costs in the amount of $7,552.50, together with applicable interest. A New Jersey appellate court dismissed Edwin's appeal, affirming the decision and the judge's application of the fugitive disentitlement doctrine, which bars a fugitive from "seek[ing] relief from the judicial system whose authority he or she evades." *Matsumoto v. Matsumoto*, 792 A.2d 1222,

3

1227 (N.J. 2002) (citation omitted). Edwin did not appeal to the New Jersey Supreme Court.

¶8 In December 2009, Linda domesticated the New Jersey judgment in Montana and provided notice, pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 25-9-501 to -508, MCA (2009). Edwin moved to stay and vacate the foreign judgment; his motion was denied by the Lake County District Court for failure to file a supporting brief. On February 3, 2010, the District Court issued a Charging Order, and Order for Appointment of Receiver, Foreclosure of Lien, and of Sale of Property against Edwin pursuant to §§ 35-8-705 and -902, MCA (2009), to enforce the 2006 Judgment and the accrued interest and alimony. Edwin's subsequent motions for reconsideration before the District Court were denied, and his appeal and petition for reconsideration before this Court were denied on the basis of res judicata. *Jonas v. Jonas*, 2010 MT 240N. Edwin also moved a New Jersey superior court to vacate the 2006 Judgment, though because the issues Edwin raised in his motion were the same as those previously decided by the court, the court denied his motion in September 2010 and held that Edwin had committed "an abuse of the judicial system."

¶9 Edwin then moved for relief from the 2006 Judgment under M. R. Civ. P. 60 in Montana on May 26, 2011. After the issues were briefed, the District Court issued its Order and Rationale on July 14, 2011, denying Edwin's motion as being without merit. The court reasoned that Montana courts give foreign judgments full faith and credit and therefore the Montana court lacked jurisdiction to consider the motion. The court further concluded that the issues had been fully and fairly litigated and decided in New Jersey,

4

no New Jersey court had granted a stay against the judgment or relief from it, and res judicata and the law of the case barred relitigation of the issues. The court also denied Linda's request for attorney fees. Edwin appeals, and Linda cross-appeals seeking costs, expenses, and attorney fees from Edwin and his attorney.

## STANDARD OF REVIEW

¶10 Generally, we review a district court's ruling on a Rule 60 motion for an abuse of discretion. *Orcutt v. Orcutt*, 2011 MT 107, ¶ 5, 360 Mont. 353, 253 P.3d 884. We review a district court's determination to award costs and fees under § 37-61-421, MCA, for an abuse of discretion. *Larchick v. Diocese of Great Falls-Billings*, 2009 MT 175, ¶ 39, 350 Mont. 538, 208 P.3d 836.

## DISCUSSION

¶11 In seeking relief from the District Court's denial of his Rule 60 motion, Edwin argues that because the 2006 Judgment entered in New Jersey was entered by default, it is not entitled to full faith and credit in Montana. We disagree. For one thing, Edwin's default in New Jersey was occasioned by his own misconduct, having disobeyed court orders and refused to personally appear in court. Moreover, a default judgment from a sister state is entitled to full faith and credit in Montana, as long as it was not obtained in a manner rendering it invalid or unenforceable. *Carr v. Bett*, 1998 MT 266, ¶¶ 42, 45, 291 Mont. 326, 970 P.2d 1017. In *Carr*, we concluded that because the Wyoming court where the default judgment was entered had refused to set it aside, the judgment was entitled to full faith and credit in Montana. *Carr*, ¶¶ 47-48. The same conclusion is compelled here. Edwin is precluded by principles of res judicata from repeating his

5

challenges to New Jersey's 2006 Judgment in the courts of Montana. We refuse to indulge him further.

¶12 As to Issue Two, Linda asked the District Court to require Edwin and his attorney to pay her costs, expenses, and attorney fees associated with this round of litigation pursuant to § 37-61-421, MCA, claiming Edwin and his attorney multiplied these proceedings unreasonably and vexatiously. The court denied her motion, but noted that Edwin's counsel was "cautioned that any further protraction of this several year, multi-state litigation without good cause could result in a revisit to said statute with a contrary result." We conclude that the District Court's caution was appropriate, and the court did not abuse its discretion in denying Linda recovery of her costs, expenses, and fees pursuant to § 37-61-421, MCA.

## CONCLUSION

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶14 We therefore affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We concur:


/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE