FILED

July 23 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 12-0620

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 202

LINDA B. JONAS,

       Plaintiff and Appellee,

  v.

EDWIN R. JONAS, III,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Lake, Cause No. DV 09-388
                   Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, PLLP;
              Helena, Montana

       For Appellee:

              Quentin Rhoades, Robert D. Erickson, Sullivan, Tabaracci & Rhoades, PC;
              Missoula, Montana

                      Submitted on Briefs:  April 3, 2013

                               Decided:  July 23, 2013

Filed:

_____
                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     This is the third appeal brought by Edwin R. Jonas, III (Edwin) in this matter.  Edwin appeals the denial of his August 1, 2012 motion to set aside a charging order and appointment of a receiver entered by the Twentieth Judicial District Court, Lake County. Linda B. Jonas (Linda) requests an order, pursuant to M. R. App. P. 19(5), directing Edwin and his former counsel, Ronald F. Waterman (Waterman) to personally satisfy the costs, expenses, and attorney fees she reasonably incurred from their pursuit of these proceedings We affirm the District Court's denial of Edwin's motion and also conclude that Linda is entitled to the requested award of fees and costs, to be imposed on Edwin.

## ISSUES

¶2     The issues on appeal are:

¶3     *1.  Did the District Court err by denying Edwin's motion to set aside the charging order and the appointment of the receiver?*

¶4     *2.  Is Linda entitled to an award of fees and costs pursuant to M. R. App. P. 19(5)?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     Edwin's third appeal to this court follows years of protracted litigation in several states.  Linda and Edwin were married for 26 years and have three children together.  Linda filed for divorce in 1988 and their marriage was dissolved in 1990.  On December 4, 2009, Linda filed a Notice of Filing of Foreign Judgment in Lake County, Montana, to domesticate a 2006 New Jersey state court judgment entered against Edwin.  *See* § 25-9-501 to -508, MCA.  The New Jersey judgment had ordered Edwin to pay $243,000.00 in unpaid alimony, $18,000.00 in unpaid child support, $4,759.50 in medical insurance and medical expenses

2

for Linda and Edwin's children, and $103,991.05 in attorney fees and costs. The total judgments entered against Edwin amounted to $695,476.97, plus interest, which itself totaled $147,205.35 as of December 31, 2005. The judgments were affirmed by the Superior Court of New Jersey, Appellate Division, and Edwin did not appeal to the New Jersey Supreme Court. *Jonas v. Jonas*, 2008 N.J. Super Unpub. LEXIS 1006, 2008 WL 239069 (N.J. Super A.D. January 30, 2008).

¶6     On December 29, 2009, Linda filed a motion seeking to satisfy the New Jersey judgment with Edwin's interest in Blacktail Mountain Ranch Co., LLC (BMR). BMR is a Nevada limited liability corporation licensed to do business in Montana with assets, including real property, located in Lake County. Linda's motion asserted that Edwin was the sole and managing member of BMR. She specifically sought a charging order, the appointment of a receiver, the foreclosure of Edwin's distributional interest in BMR, and the judicial dissolution, and winding up, of BMR. The motion explained that Linda sought to dissolve and wind up BMR and stated the legal bases for her claims. Linda also filed a notice of lis pendens on December 29, 2009, noticing Waterman and BMR that she sought a charging order, the appointment of a receiver, the foreclosure of the lien on Edwin's distributional interest, and an order compelling the sale of specified BMR property.

¶7     Edwin filed a response to Linda's December 29, 2009 motion on January 13, 2010. Edwin's response essentially argued that Linda had received money and property "which more than fully satisfied all of the obligations owing or owed to the Plaintiff [Linda]." The response did not raise specific issues with the requested charging order, appointment of a

3

receiver, or dissolution and winding up of BMR and it did not deny Linda's allegation that Edwin was the sole managing member of BMR.

¶8 A Writ of Execution was issued against Edwin in the amount of $1,091,391.21 on February 1, 2010. The District Court thereafter issued a charging order and an order for the appointment of a receiver, foreclosure of the lien, and for the sale of BMR's property on February 3, 2010. The charging order was granted against Edwin's distributional interest in BMR and the resulting lien on Edwin's interest in BMR was ordered to be immediately foreclosed. The Court's order also directed Linda to appoint a receiver to wind up BMR, receive Edwin's share of the distributions, and to transfer the proceeds from the distributions and sale of BMR to Linda until the judgments against Edwin, plus interest and costs, were satisfied. The Court's order noted that Edwin had failed to challenge Linda's entitlement to a charging order, the Court's authority to appoint a receiver, the foreclosure of his interest in BMR, or the dissolution of BMR.

¶9 Edwin filed a Motion for Reconsideration on February 12, 2010 regarding the District Court's February 3, 2010 order. No supporting brief was filed. A receiver was appointed by the District Court on February 18, 2010, and Edwin renewed his Motion for Reconsideration on February 23, 2010. Again, no supporting brief was filed. The District Court denied both Motions for Reconsideration because neither was supported by a brief and because such a motion does not exist under Montana law. Edwin appealed this decision and we affirmed. *Jonas v. Jonas*, 2010 MT 240N, 2010 Mont. LEXIS 397. Edwin subsequently filed a petition for reconsideration, which we denied.

4

¶10 Edwin filed a M. R. Civ. P. 60 motion for relief from the 2006 New Jersey Judgment on May 27, 2011. The accompanying brief again argued that the charging order should be set aside because the 2006 judgment had been satisfied by the transfer of various properties. A later supplemental brief argued that the District Court's application of the doctrine of *res judicata* to his arguments that Linda had received transfers sufficient to satisfy the 2006 judgment had been erroneous. Edwin's Rule 60 motion was denied by the District Court on July 14, 2011. He again appealed, and we again affirmed the District Court's decision. *Jonas v. Jonas*, 2012 MT 109N, 2012 Mont. LEXIS 112.

¶11 Edwin filed a motion for relief from the charging order and order for the appointment of the receiver foreclosure of the lien, and the sale of BMR on August 1, 2012, after our resolution of his second appeal to this Court. This motion advanced new arguments for setting aside the charging order and the order appointing the receiver, including that they were entered ex parte, that the receiver was not statutorily eligible, and that the seizure and sale of BMR assets is against Montana and Nevada law governing limited liability corporations. The motion appeared to advance Rule 60(b) as a possible basis for relief, but it did so without any citation to a specific subsection of the Rule and without any substantive legal analysis, or application, of the Rule. The District Court denied the motion in an August 27, 2012 order. The Court applied the "law of the case" doctrine to hold that Edwin's arguments were "waived" because he had foregone earlier opportunities to challenge the charging order or appointment of the receiver on these bases. Thus, the Court determined that the orders had "become the law of the case for the future course of this litigation."

5

¶12   The August 27 order also found that Jonas and his counsel filed the August 1, 2012 motion without good cause and had multiplied the proceedings "unreasonably and vexatiously." The Court accordingly required both Jonas and Waterman to personally satisfy the costs, expenses, and attorney fees Linda reasonably incurred in opposing the motion. *See* § 37-61-421, MCA. However, the District Court later issued an order withdrawing this holding in light of a stipulation by the parties.

¶13   Edwin appeals the portion of the court's August 27, 2012 order denying his August 1, 2012 motion to set aside the charging order, appointment of a receiver, foreclosure of the lien, and sale of BMR.

## STANDARD OF REVIEW

¶14   Our review of a district court's conclusion of law is plenary and we must determine if the Court's interpretation of the law is correct. *McCormick v. Brevig*, 2007 MT 195, ¶ 31, 338 Mont. 370, 169 P.3d 352 (*McCormick III*).

## DISCUSSION

¶15   *1. Did the District Court err by denying Edwin's August 1, 2012 motion?*

¶16   The District Court denied Edwin's August 1, 2012 motion by applying the "law of the case" doctrine. This Court's jurisprudence regarding this doctrine has deep roots. *See Carlson v. Northern Pac. Ry. Co.*, 86 Mont. 78, 281 P. 913 (1929). The doctrine essentially refers to the practice of courts "generally to refuse to reopen what has been decided" in the

6

service of judicial economy. *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739 (1912). As our *Carlson* decision stated:

> The rule is well established and long adhered to in this state that where, upon an appeal, the supreme court in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal[.]

*Carlson*, 86 Mont at 81, 281 P. at 914.

¶17    Our decision in *McCormick III* articulated another application of the doctrine. There, we considered an analogous third appeal in a dispute between siblings Joan McCormick and Clark Brevig. Joan sued Clark and their partnership seeking an accounting and dissolution. Clark counterclaimed for fraud, deceit, negligent misrepresentation, and to quiet title. *McCormick III*, ¶ 2. The first appeal before this Court affirmed the entry of a partial summary judgment for Joan on Clark's counterclaim and determined that the district court had erred when it granted summary judgment to some third-party defendants. *McCormick v. Brevig*, 1999 MT 86, 294 Mont. 144, 980 P.2d 603 (*McCormick I*).

¶18    The district court held a bench trial on remand, which resulted in findings of fact, conclusions of law, and an order dissolving and winding up the partnership. Joan appealed an order requiring her to sell her interest in the partnership to Clark and determining what her interest was worth. *McCormick III*, ¶ 3. In the second appeal, we determined that the court erred in ordering Joan to sell her interest to Clark and by not requiring a complete accounting to determine the value of each partner's interest. *McCormick v. Brevig*, 2004 MT 179, 322 Mont. 112, 96 P.3d 697 (*McCormick II*).

7

¶19     On remand for a second time, the district court appointed a Special Master to prepare a complete accounting. Both Joan and Clark objected to the resulting report. The district court held a hearing and issued its Findings of Fact, Conclusions of Law, and Order. *McCormick III*, ¶ 4. Clark appealed and Joan cross-appealed.

¶20     The first issue Clark appealed concerned in part whether the district court had erred in ordering that Joan and Clark each owned 50% of the partnership assets. *McCormick III*, ¶ 32. Joan responded that the district court had previously determined that she and Clark were 50/50 owners of the partnership and that Clark had not appealed this determination when he had an opportunity to do so during the second appeal. She argued that this failure to appeal the determination of the 50/50 ownership split made it the law of the case and it was therefore not subject to further appellate review. *McCormick III*, ¶ 37.

¶21     The district court had indeed made an earlier determination that, as a matter of law, Joan would be treated as a 50% partner upon dissolution of the partnership. Neither Joan nor Clark had appealed this decision in *McCormick II*, we did not consider it, and we did not disturb it on remand. *McCormick III*, ¶ 39. Considering Joan's "law of the case" argument, we noted that "[f]requently law-of-the-case terminology is used by courts when deciding whether to deny appellate review of an issue that has not been properly preserved for appeal in the trial court or otherwise has not been presented to an appellate court properly." *McCormick III*, ¶ 38 (citing Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* vol. 18B, § 4478.6, 815 (2d ed., West 1990)). Following this, we stated that:

8

Under the doctrine of the law of the case, a legal decision made at one stage of litigation which is not appealed when the opportunity to do so exists, becomes the law of the case for the future course of that litigation and the party that does not appeal is deemed to have waived the right to attack that decision at future points in the same litigation.

*McCormick III*, ¶ 38 (citing *Aviall, Inc. v. Ryder Sys., Inc.*, 110 F.3d 892, 897 (2d Cir. 1997)). Because neither Joan nor Clark had appealed the decision that they were 50/50 owners when presented with the opportunity to do so in an earlier appeal, we held that the Court's decision was the law of the case and concluded that the parties were bound thereby. *McCormick III*, ¶ 39.

¶22 Our decision in *McCormick III* is directly applicable to the present case. Here, as the District Court noted, "[d]uring none of this lengthy and involved litigation did [Edwin] ever raise any of the issues he now relies on in contesting the Charging Order's validity." This includes foregoing opportunities to challenge the charging order and appointment of a receiver in his answer brief opposing the motions, in his first appeal, in his first Rule 60(b) motion, and in his second appeal. *McCormick III*'s conclusion that "the party that does not appeal is deemed to have waived the rights to attack that decision at future points in the same litigation" is directly on point. *McCormick III*, ¶ 38. Edwin failed to avail himself of several opportunities to challenge the charging order and the appointment of a receiver on the grounds he now raises. Foregoing such opportunities to appeal a legal decision renders it the law of the case, binding Edwin thereby. *McCormick III*, ¶ 38. The law of the case doctrine is based on the principles of judicial economy and the finality of judgments. *In re Estate of Snyder*, 2009 MT 291, ¶ 6, 352 Mont. 264, 217 P.3d 1027. The District Court correctly

9

upheld these principles by applying the law of the case doctrine to deny Edwin's August 1, 2012 motion.

¶23 *2. Is Linda entitled to an award of fees and costs pursuant to M. R. App. P. 19(5)?*

¶24 Edwin has engaged in a course of drawn-out, vexatious litigation in New Jersey, Florida, and Montana. This, his third appeal in Montana, is just the latest round in a divorce battle stretching back over 20 years. Linda has consequently requested that this Court impose sanctions upon Edwin and Waterman pursuant to M. R. App. P. 19(5) in the form of the fees and costs incurred by her in opposing this latest appeal. Rule 19(5) of the Montana Rules of Appellate Procedure states that this Court may, on a request included in brief, award sanctions to the prevailing party in an appeal "determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." Available sanctions include costs, attorney fees, or other monetary or non-monetary penalties that we deem proper. M. R. App. P. 19(5).

¶25 The District Court previously warned Edwin that the further delay or multiplication of this litigation without good cause would result in the imposition of sanctions. Edwin's latest, third, appeal appears to have been largely pursued to further delay Linda's efforts to enforce the New Jersey judgment. We accordingly conclude that Edwin's appeal is vexatious and was filed for the purposes of delay. Moreover, because Edwin is now pursuing this appeal pro se, we conclude that the costs and fees assessed should be solely levied against Edwin. We therefore remand for a determination and assessment of costs and attorney fees reasonably incurred on appeal.

## CONCLUSSION

¶26     We affirm the District Court's denial of Edwin's August 1, 2012 motion and we remand for a determination of costs and reasonable attorney's fees incurred on appeal to be charged to Edwin.

_____

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS