FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0516

DA 22-0516

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 206

PETER GRIGG,

      Plaintiff and Appellant,

   v.

BEAVERHEAD EMS,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DV-21-14372
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Peter Grigg, Self-represented, Kalispell, Montana

      For Appellee:

         Jill Gannon-Nagle, Attorney at Law, Dillon, Montana

                Decided:  October 18, 2022

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion and Order of the Court.

¶1 Appellee Beaverhead EMS (BEMS) has moved for dismissal of the appeal, and requested that the Court declare Appellant Peter Grigg (Grigg) to be a vexatious litigant, with appropriate sanction. Representing himself, Grigg has filed an objection.

¶2 Previously in this proceeding, Grigg appealed the Order of the Fifth Judicial District Court, Beaverhead County, which had dismissed Grigg's action against BEMS, after Grigg failed to respond to BEMS's motion to dismiss. *Grigg v. Beaverhead Emergency Med. Servs.*, No. DA 21-0229, 2022 MT 48N, ¶ 2, 2022 Mont. LEXIS 191 (*Grigg IV*). BEMS requested an award of attorney fees for defending a frivolous appeal, and for a declaration that Grigg was a vexatious litigant. We affirmed the District Court's order of dismissal, granted the fee request, and remanded the matter for entry of a reasonable fee award by the District Court, but refrained from declaring Grigg a vexatious litigant, reasoning:

> We conclude Grigg has pursued an appeal in this matter that is wholly frivolous as being without any substantial legal grounds, after he failed to properly respond to issues raised in the litigation before the District Court, which caused unnecessary costs for BEMS. We award BEMS its reasonable attorney fees on appeal as a sanction against Grigg. Having so concluded, we do not herein enter a vexatious litigant declaration against Grigg.

*Grigg IV*, ¶ 9. We denied a request for rehearing.

¶3 On remand, the District Court scheduled a fee hearing. Grigg filed a motion to dismiss the hearing, which the court denied. Grigg requested permission to appear at the hearing telephonically, which the court denied, noting it had previously notified Grigg that telephonic appearances could not be accommodated because the quality of the connection

2

was insufficient to make an accurate record of the proceeding. The court provided a link to appear by Zoom conference call, and also welcomed personal attendance. Grigg did not participate in either manner, and the court found Grigg to be "voluntarily absent." The court noted in its fee order that, "while [Grigg] filed a generic objection to the granting of fees, he did not specifically object to the rate." Finding "the hours charged by [BEMS's] counsel are [e]minently reasonable, necessary for the defense of this case, and related to the matter[,]" the court ordered Grigg to pay $4,529.09 to BEMS as reasonable attorney fees.

¶4　　Grigg has now filed an appeal from the fee order. In response to BEMS's motion to dismiss the appeal, Grigg argues this appeal is "founded on judicial violations and conduct unbecoming of Judge Lint[.]" His response raises no objection based upon the narrow fee issue specified for remand and resolved therein, but rather offers unspecified allegations of judicial misconduct against the presiding judge and raises "previous violations of Rights that have occurred in this (and other cases in defense by [Grigg]) and show further bias, discrimination, extreme prejudice, excessive punishment and now retaliation."

¶5　　BEMS argues the basis for Grigg's appeal is not appropriate given the Court's limited remand, and that the Court's prior fee sanction has not deterred Grigg from continuing to "file[] unsupported and conclusory complaints" that cause BEMS to incur further time and legal costs. BEMS thus requests this Court to declare Grigg to be a

3

vexatious litigant and require that Grigg obtain a licensed Montana attorney to file pleadings on his behalf.

¶6 BEMS's arguments are borne out by the record herein, including Grigg's lack of objection to its counsel's fee rate, his failure to participate in the remand hearing, and the unrelated and unfounded bases of his appeal from the order entered on remand, as expressed in his response to BEMS's motion to dismiss the appeal. Grigg's continuing effort to litigate the underlying merits of the case violates the Court's decision in the first appeal, which became the law of the case. This doctrine "essentially refers to the practice of courts 'generally to refuse to reopen what has been decided' in the service of judicial economy." *Jonas v. Jonas*, 2013 MT 202, ¶ 16, 371 Mont. 113, 308 P.3d 33 (citation omitted). As we have explained:

> The rule is well established and long adhered to in this state that where, upon an appeal, the supreme court in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal[.]

*Jonas*, ¶ 16 (citing *Carlson v. Northern Pac. Ry. Co.*, 86 Mont. 78, 81, 281 P. 913, 914 (1929)). Grigg cannot challenge the original judgment within an appeal from the District Court's fee order entered after this Court's remand for imposition of a monetary sanction. M. R. App. P. 19(5); *Jonas*, ¶ 16.

¶7 Further, this Court's latitude toward Grigg as a self-represented litigant has been completely exhausted by his repeated, and wholly frivolous, appearances in this Court over

the past two years, including eleven appeals or attempted appeals.[1] *See, e.g., Ford Motor v. Grigg*, No. DA 20-0013, Order denying Grigg's petition for out-of-time appeal (Mont. Jan. 14, 2020) (*Grigg I*); *Marriage of Grigg*, No. DA 21-0195, 2022 MT 165N, 2022 Mont. LEXIS 761 (affirming the District Court) (*Grigg II*); *Grigg v. St. John's Lutheran Hosp.*, No. DA 21-0228, 2022 MT 22N, 2022 Mont. LEXIS 60 (affirming the District Court) (*Grigg III*); *Grigg IV* (affirming District Court's dismissal and remanding for attorney fee sanction); *Grigg v. Judge Cuffe*, No. DA 21-0368, 2022 MT 79N, 2022 Mont. LEXIS 338 (Apr. 12, 2022) (affirming summary judgment decision) (*Grigg V*); *Grigg v. Sen. Tester*, No. DA 21-0375 (order dismissing appeal *sua sponte*) (Mont. Aug. 24, 2021) (*Grigg VI*); *Grigg v. Coil*, No. DA 21-0651, 2022 MT 151N, 2022 Mont. LEXIS 689 (Jul. 26, 2022) (affirming District Court) (*Grigg VII*); *Grigg v. Paul*, No. DA 22-0221, pending (*Grigg VIII*); *P. Grigg v. T. Grigg*, No. DA 22-0225, pending (*Grigg IX*); *Marriage of Grigg*, No. DA 22-0252 (order denying out-of-time appeal of dissolution proceeding) (Mont. May 24, 2022) (*Grigg X*); and *Grigg v. Hauptman*, No. DA 22-0330 (order dismissing *sua sponte*, without prejudice) (Mont. Aug. 3, 2022) (*Grigg XI*). Without regard to matters still pending, none of Grigg's resolved appeals have been meritorious.

¶8 In addition to refraining from declaring Grigg to be a vexatious litigant in the prior appeal in this proceeding, we have expressly cautioned Grigg in other proceedings about

---

[1] In addition to this appeal, Grigg's twelfth, he recently filed his thirteenth. *See Grigg v. Dep't of Labor and Industry*, No. DA 22-0560.

his disrespectful pleadings and frivolous appeals that waste judicial resources. "We caution Peter to refrain from filing duplicative, burdensome lawsuits or risk being declared a vexatious litigant." *Grigg X*, at 2 (citations omitted). "This Order serves as Peter's second warning for consideration as a vexatious litigant." *Grigg XI*, at 2. However, Grigg's vexatious conduct has continued.

¶9     We employ a five-factor test utilized by the Ninth Circuit U.S. Court of Appeals, *see Motta v. Granite County Comm'rs*, 2013 MT 172, ¶ 20, 370 Mont. 469, 304 P.3d 720, when considering a vexatious litigant declaration and imposition of a pre-filing order: "(1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Stokes v. First Am. Title Co. of Mont., Inc.*, 2017 MT 275, ¶ 4, 389 Mont. 245, 406 P.3d 439 (citations omitted).

¶10    Applying the test here, Grigg's cumulative litigation conduct before the district courts and this Court, as surveyed above, easily satisfy and exceed the considerations. His appeals have involved vexatious, harassing, and duplicative lawsuits. He brought suits and subsequent appeals against his former wife at least three times. *See Grigg II*, *Grigg IX*, and *Grigg X*. In all of these proceedings, Grigg has never been represented by counsel,

and his *pro se* appeals have not reflected an objective good faith expectation of prevailing. *See Grigg I*, *Grigg V*, *Grigg VI*, *Grigg VII*, and *Grigg X*. Grigg has thus caused needless expense to other parties and has posed an unnecessary burden on the courts. *Stokes*, ¶ 4. Repeated warnings from this Court have been repeatedly disregarded.

¶11 We declare Peter Grigg to be a vexatious litigant and impose a restriction on his ability to file future proceedings in any Montana court, as set forth below. This order will not affect Grigg's pending proceedings, which may continue until resolution. BEMS's motion to dismiss this appeal is also well taken. Therefore,

¶12 IT IS ORDERED that the Motion to Dismiss Appeal is GRANTED. The appeal is DISMISSED WITH PREJUDICE.

¶13 IT IS FURTHER ORDERED that BEMS's request to declare Peter Grigg a vexatious litigant is GRANTED. Henceforth, prior to filing any action or proceeding or request in a Montana court, Peter Grigg must file a motion for leave to file the initial pleading or document. The motion must either be signed by a licensed Montana attorney representing Grigg, or, if filed by Peter Grigg personally, be sworn under oath before a notary public, not exceed three pages in length, and offer a preliminary showing that the proposed filing has merit and meets the criteria for commencement of a proceeding under the rules of procedure governing actions before that particular court. The court may prohibit any such filing upon a determination that the asserted request is harassing, frivolous, or not legally cognizable. Upon such a determination, the pleading shall be rejected by the clerk of the court, who shall accordingly advise Peter Grigg by mail at the

address he has provided to the court, if any. Only upon issuance of an order granting leave may Peter Grigg's proposed pleading or document be filed. We caution Grigg that any person who would attempt to file a document with a court on his behalf as his representative must be licensed to practice law in Montana.

¶14    We direct the Clerk of the Supreme Court to provide copies of this Order to counsel of record, all Montana courts, the State Bar of Montana, and to Peter Grigg personally.

DATED this 18th day of October, 2022.


/S/ JIM RICE


We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR