ORIGINAL



FILED

04/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0639

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0639

FORWARD MONTANA; LEO GALLAGHER;
MONTANA ASSOCIATION OF CRIMINAL
DEFENSE LAWYERS; GARY ZADICK,

Plaintiffs and Appellants,

v.

THE STATE OF MONTANA, by and through
GREG GIANFORTE, Governor,

Defendant and Appellee.

ORDER

FILED

APR - 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On March 1, 2024, Appellee State of Montana (State) filed a petition for rehearing in the above-titled matter. On March 4, 2024, legislators who hold leadership positions in the Montana Legislature (legislators) filed an amicus brief in support of the State's petition for rehearing. On March 18, 2024, Forward Montana filed their objection to the petition for rehearing.

This Court generally will grant rehearing on appeal only if our initial decision overlooked some fact material to the decision, overlooked a question presented by counsel that would have proven decisive to the case, or if the decision conflicts with a statute or controlling decision not addressed by the Court. M. R. App. P. 20(1)(a)(i)–(iii).

The State first argues that we formulated arguments not raised by the parties. Generally, we decline to address issues on appeal not raised before the district court. *See Pinnow v. Mont. State Fund*, 2007 MT 332, ¶ 15, 340 Mont. 217, 172 P.3d 1273. Here, however, Appellants raised the bad faith acts of the Legislature from its complaint in District Court through to briefing before this Court. *See, e.g.*, Complaint, pp. 12–15, 22; Opening Brief, pp. 1–15 (detailing the constitutional limits the Montana Legislature must follow when enacting legislation, and arguing they are entitled to attorney fees when elected officials "pass and enforce unconstitutional legislation" by abdicating their

obligation and "plainly violat[ing]" the Montana Constitution); *see also, e.g.,* Opening Brief, p. 1 (citing the Montana Constitution's right to know provision as implicated by Article V, Section 11, of the Montana Constitution). Clearly the issues were raised below and do not provide grounds for rehearing.

The State and legislators also argue that the Court improperly intruded on internal legislative rules by interpreting or enforcing them. Petitioners misinterpret and misstate the Court's decision. There is nothing inherently wrong with legislative "sausage-making" and the Legislature is free to interpret and implement its own internal rules, including the timing of its meetings, the amendment of Bills, and other issues the legislators raise as examples of how our Opinion limits their work—as long as no constitutional provision is violated. Petitioners ignore that the crux of our decision to award attorney fees rested on the bad faith of the Legislature in willfully enacting unconstitutional laws. *See, e.g., Forward Montana v. State*, 2024 MT 19, ¶¶ 20, 24–28, 415 Mont. 101, ___ P.3d ___.

Petitioners do not argue—and the State did not appeal—the District Court's finding that the Legislature ignored its constitutional limitations by placing multiple subjects in SB 319 and by amending it beyond its original purpose as prohibited by Article V, Section 11, of the Montana Constitution. The clear violations of these constitutional provisions forms the basis of our award of attorney fees. Our citation to legislative rules merely reinforced that the Legislature knowingly disregarded its constitutional limits.

Legislators here assert that intrusion into internal rules will have disastrous consequences for the legislative process. They cite to multiple other instances where the Legislature deviated from its rules in the last decade. Petitioners' examples actively demonstrate that courts "'will not inquire into whether the legislature complied with its own rules in enacting the statute, *as long as no constitutional provision is violated.*'" Petition at 3 (quoting *State ex rel. Grendell v. Davidson*, 716 N.E.2d 704, 708 (Ohio 1999)) (emphasis added). Indeed, we will not declare a statute invalid for legislative failure to observe its own rules. *See Davidson*, 716 N.E.2d at 708; *see also State ex rel. Woodward v. Moulton*, 57 Mont. 414, 426, 189 P. 59, 64 (1920). When a case is properly before us,

2

our obligation is to examine whether a statute complies with the mandates of our Constitution. Mont. Const. art. III, § 1, art. VII, § 1. "Constitutional mandates must be followed by the legislature and the journals may be examined to show compliance." *O'Bannon v. Gustafson*, 130 Mont. 402, 407, 303 P.2d 938, 941 (1956).

Moreover, our decision does not invite or permit a cause of action to challenge legislation for merely violating internal legislative rules or open the floodgates by "incentivizing" litigants to bring every bill into court. An award of attorney fees under the private attorney general doctrine is very limited by caselaw. *See generally Forward Montana*, ¶ 16.

However, as the Opinion notes, we may award attorney fees to a prevailing party when equities dictate. Here, the bad faith of the Legislature in enacting unconstitutional legislation, as shown by the process through which the unconstitutional additions came to be—whether or not the process actually violated internal legislative rules—warranted attorney fees. The District Court found: that SB 319 passed the Senate and House with minor changes that needed to be reconciled; that the Legislature disregarded those minor changes when it appointed a free conference committee that considered amendments outside the scope of the original bill; that the committee had a short meeting with no public participation, testimony, or notice; and that two of the amendments during this meeting disregarded constitutional limits on legislative power. Legislators dispute some of these factual findings. But those arguments are not properly before us on a petition for rehearing. Instead, the parties should have presented evidence and arguments at the District Court or brought them before this Court in an appeal of the court's order. They did not file an appeal; thus, the facts found by the District Court have become law of the case. *See Jonas v. Jonas*, 2013 MT 202, ¶ 21, 371 Mont. 113, 308 P.3d 33.

As shown by petitioners' examples, the Legislature sometimes deviates from its normal processes to enact legislation. But when it knowingly disregards its constitutional limits and enacts blatantly unconstitutional legislation, the State may be subject to attorney fees when private parties are forced to vindicate constitutional interests. The equities in

3

this case supported an award of fees for plaintiffs under the private attorney general doctrine.

Petitioners contend that our decision raises speech or debate immunity issues from Article V, Section 8, of the Montana Constitution. These arguments were not raised in the State's briefs and thus are not appropriate matters for a petition for rehearing.[1] *See* M. R. App. P. 20. Nevertheless, we note that speech or debate immunity immunizes legislators from suit "to support the rights of the people." *Cooper v. Glaser*, 2010 MT 55, ¶ 11, 355 Mont. 342, 228 P.3d 443 (internal quotation omitted). No legislators are liable for their unconstitutional enactment of SB 319, nor were they burdened by defending themselves in a lawsuit. *Accord Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 503, 95 S. Ct. 1813, 1821 (1975). Our decision does not delay or disrupt the legislative function. *Eastland*, 421 U.S. at 503, 95 S. Ct. at 1821. The Legislature must abide by constitutional limits in enacting legislation. To protect the rights of the people, the private attorney general doctrine allows an award of attorney fees against the State when private parties are forced to vindicate constitutional interests.

Finally, the State contends we overlooked several arguments made, including the plaintiffs' litigation burden below, using caution in awarding fees against the State, and the attorney general's merits defense of SB 319. Upon review, the Court did not overlook arguments made by the State. In briefing before us on the three *Montrust* factors, the State focused on whether the constitutional interests vindicated met the first factor and whether private enforcement was necessary—it did not dispute the burden plaintiffs faced, as the District Court similarly concluded. *See* Response Brief, pp. 19–26; M. R. App. P. 12. We also did not overlook the State's arguments that we should use caution in awarding fees against the State. *See Forward Montana*, ¶¶ 19–20, 25–34.

---

[1] Legislators' brief further misreads our Opinion by contending we "navigated around" statutory immunity by criticizing the legislative conduct at issue as administrative rather than legislative. Our actual holding was that § 2-9-111, MCA, grants immunity from torts committed by legislative acts or omissions, which has nothing to do with whether the State is immune from an equitable award of attorney fees. *Forward Montana*, ¶ 23.

Nevertheless, it is apparent that some of the wording in our Opinion has created some confusion. As such, to the extent that our Opinion suggested binding legal interpretations of internal legislative rules, the petition is granted and an amended Opinion will be filed with this Order.

Therefore, having considered the petition and response from Appellee,

IT IS ORDERED that the petition for rehearing is GRANTED, the Opinion is WITHDRAWN, and a new Opinion will be issued.

The Clerk is directed to provide a copy of this Order to all counsel of record.

DATED this ____ day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

While we disagree with much of what is stated within the Order, and with the Court's denial of rehearing on the merits of its reversal of the District Court's denial of attorney fees in this matter, we nonetheless concur in granting rehearing on the basis cited by the Court.

_____

_____
Justices