In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00285-CV
_____

PETER CHRISTOPHER GRIGG, Appellant

V.

TIFFANEY DANIELLE GRIGG, Appellee

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 23-04-05166-CV

MEMORANDUM OPINION

Pro se Appellant Peter Christopher Grigg ("Appellant" or "Peter") appeals the trial court's order dismissing his Original Petition to Annul Marriage without prejudice. As explained below, we affirm.

Background and Pleadings

The appellate record includes a Final Decree of Dissolution from the Lincoln County, Montana, Nineteenth Judicial District Court ("Montana Final Decree"), signed by a Special Master on April 14, 2021. The Montana Final Decree includes

1

findings of fact and conclusions of law, and according to the Final Decree, Peter Christopher Grigg and Appellee Tiffaney Danielle Grigg ("Appellee" or "Tiffaney") were married in Texas on January 9, 2017, and the couple then moved to Montana. Peter and Tiffaney separated on February 27, 2020, and Tiffaney moved back to Texas. Tiffaney then filed for divorce on June 17, 2020. The Montana Final Decree stated that there were no children born of the marriage, and it also included orders for the division of property and debts.

On April 10, 2023, Peter filed a pro se Original Petition ("Texas Petition") to Annul Marriage in the 418th District Court, Montgomery County. Therein, Peter sought to have his marriage to Tiffaney annulled on the grounds that Tiffaney had used fraud, duress, or force to induce him to marry her and that Tiffaney had concealed a prior divorce that occurred within 30 days of this marriage. According to the Texas Petition, Peter was living in Montana and Tiffaney was living in Texas.

On June 6, 2023, Tiffaney filed a Motion to Dismiss, Plea to the Jurisdiction, Plea in Abatement and Original Answer ("Answer"). The Answer argued that the Texas District Court did not have subject matter jurisdiction because (1) the case was moot because the marriage no longer exists due to a divorce already having been granted, (2) no live controversy exists because a divorce has already been granted, and (3) Montana retains continuing, exclusive jurisdiction over the parties' divorce. The Answer also argued that Peter did not have standing to bring the lawsuit because

2

the parties have already divorced. In her Answer, Tiffaney also stated that Peter had appealed the Montana Final Decree in Montana, and his appeal was denied. The Answer to the Texas Petition included a copy of an order signed September 13, 2022, by the Supreme Court of the State of Montana denying Peter's Petition for Rehearing. Also attached to the Answer is a Dismissal Order signed February 1, 2023, by the 246th District Court, Harris County, Texas in a case styled *Peter Christopher Grigg v. Tiffaney Danielle Grigg* dismissing the cause for want of prosecution. The Answer also asserted a general denial and the affirmative defenses of estoppel and res judicata.

Peter then filed a Reply to Motion to Dismiss, Plea to the Jurisdiction and Plea in Abatement ("Reply"). The Reply alleged that Peter transferred property to Tiffaney before the couple married, which Tiffaney had not returned to Peter according to the couple's agreement. The Reply further alleged that Tiffaney was found guilty of fraud by the Social Security Administration and ordered to pay a penalty and that she demanded $20,000 in the divorce proceeding. Peter further alleged that the Judge who signed the Final Decree had originally recused himself, which rendered the Final Decree unlawful, that Peter had filed an appeal in Montana that "was final on 13th September 2022," and the matter "is now presented to the Ninth Circuit Court of Appeals, San Francisco, and the U.S[.] Supreme [C]ourt, Washington, D.C." Peter argued that Tiffaney "committed a criminal (under Texas

3

Law) offense by entering into the marriage by fraud, falsification of records, financial gain and duress[,]" and that he would not have gifted her property nor entered into the marriage but for Tiffaney's financial misconduct and fraud. He also argued that he has standing to bring the lawsuit, the matter is not moot, and that "Texas courts have jurisdiction over this case due to the Texas laws concerning marriage by deception, fraudulent inception and falsification of records." Peter also argued that "[t]his case would not have been filed if the respondent had not had criminal intent; respondent also filed for divorce in Montana to avoid the 'complications' and community property laws of Texas[.]" According to Peter, the issues in this case concern "fraudulent inception, marriage by deception, duress and falsification of records," and they are different from the issue in the Montana action.

Texas Trial Court Hearing

On July 26, 2023, the 418th District Court, Montgomery County, held a hearing on the matter in which Tiffaney and her attorney appeared personally and Peter appeared telephonically. Tiffaney testified that the couple was married in Texas and divorced in Montana, and a copy of the Final Decree was admitted into evidence. Tiffaney also testified that after the Montana Final Decree was signed, Peter appealed the matter. An "Order re: Pleadings" from the Supreme Court of the State of Montana, was also admitted into evidence, and it reads in pertinent part as follows:

4

> The Court has reviewed Respondent Peter Grigg's recent pleadings in this matter[]. This matter is deemed closed, as all outstanding issues are completed. Therefore, the Montana Supreme Court's ruling in *Grigg v. Beaverhead EMS, 2022 MT 206*,[1] finding Peter Grigg to be a vexatious litigant, applies to all pleadings presented by Respondent Peter Grigg in this matter. The pleadings presented do not conform with the requirements set forth by the Montana Supreme Court and therefore shall be stricken from the record.
>
> DATED this 20th day of April, 2023.

Tiffaney further testified that Peter had filed a pleading relating to the divorce in Harris County that was dismissed, in addition to filing for an annulment in this case.

Upon questioning by the court, Peter agreed that he was petitioning the court for an annulment of the marriage to Tiffaney that began on January 9, 2017, and that a Montana court had granted a divorce in that marriage on March 9, 2021. Peter also agreed that the Supreme Court of Montana had affirmed the divorce. The trial court then stated that it would grant the motion to dismiss.

On August 1, 2023, the 418th District Court signed an order stating,

> On July 26, 2023, the Court heard Respondent's MOTION TO DISMISS, PLEA TO THE JURISDICTION, PLEA IN ABATEMENT. Movant/Respondent Tiffaney Danielle Grigg appeared with her Attorney John E. Choate, Jr. and Peter Christopher Grigg appeared pro se by telephonic means. After the Court heard all evidence and arguments of the parties, the COURT ORDERS Peter Christopher Grigg's Original Petition and any subsequent amendments or supplements to said petition and all claims therein are dismissed.

---

[1] *See Grigg v. Beaverhead EMS*, 521 P.3d 25, 28 (Mont. 2022) ("We declare Peter Grigg to be a vexatious litigant and impose a restriction on his ability to file future proceedings in any Montana court, as set forth below.").

Peter then filed a Second Objection to Order and Motion to Dismiss in Favor of the Petitioner, alleging that Tiffaney had committed perjury and that the trial court "made an erroneous judgment on false facts and perjury[.]" Peter also filed a Motion to Set Aside Judgment and Order New Trial.

On September 6, 2023, Peter filed a Petition for Review and Appeal in the Supreme Court of Texas, and the Supreme Court of Texas responded that it had no authority to review a matter that had not been appealed through an intermediate court of appeal. Peter then filed a Notice of Appeal with this Court.

Analysis

On appeal, Peter filed a pro se brief, and in it he argues that the 418th District Court, Montgomery County erred by dismissing his petition without hearing all the evidence and by allowing Tiffaney to commit perjury, and Peter generally alleges his state and federal constitutional rights were violated. In his brief he fails to clearly identify how the trial court erred, and he fails to support his arguments with citations to the record and to appropriate legal authority. *See* Tex. R. App. P. 38.1(f), (i).

Appellant was pro se in the lower court proceedings, and he is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable

6

laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at \*4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at \*3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine there was error).

To comply with the Rules of Appellate Procedure, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *See* Tex. R. App. P. 38.1(i); *Broussard v. Vicknair*, No. 09-21-00391-CV, 2023 Tex. App. LEXIS 9371, at \*43 (Tex. App.—Beaumont Dec. 14, 2023, no pet.) (mem. op.); *Golden*, 2022 Tex. App. LEXIS 2988, at \*9. Due to the inadequacy of his brief, and his failure to identify applicable law and apply the law to the facts of this case, we conclude that Appellant has waived his

complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at *9 (citing *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.")); *Atkins-January v. State Off. of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.).

Even if Appellant had met his burden under Rule 38.1, the record in this matter does not reflect that Appellant would be entitled to any relief because he failed to demonstrate that his marriage to Tiffaney was never valid. *See* Tex. R. App. P. 38.1(i). "A suit for annulment presumes that there never was a valid marriage and that therefore it should be declared void, while a suit for divorce presumes a valid marriage, but asks that the relation be dissolved for postnuptial causes." *Garcia v. Garcia*, 232 S.W.2d 782, 783 (Tex. App.—San Antonio 1950, no writ). As the petitioner seeking an annulment, Peter bore the burden to prove his and Tiffaney's marriage was never valid. *See Huang v. Chang*, No. 04-20-00129-CV, 2021 Tex. App. LEXIS 8129, at *8 (Tex. App.—San Antonio Oct 6, 2021, pet. denied) (mem. op.).

Texas law presumes that every marriage entered into within the state is valid. *See* Tex. Fam. Code Ann. § 1.101. Here, the record reflects that the Montana District

8

Court found that "[t]he parties were married on January 9, 2017 in Callahan County, Texas." The Montana court concluded that "[t]he marriage is irretrievably broken[]" and ordered, adjudged and decreed that, "[t]he marriage of the parties is dissolved." The Supreme Court of the State of Montana affirmed the Montana District Court. Therefore, the record reflects that at the time Peter filed his Texas Petition, the marriage had already been dissolved. Indeed, Peter admitted at the hearing in the Montgomery County trial court that a Montana court had dissolved the parties' marriage. We conclude that Peter did not meet his burden to prove that his marriage was never valid. *See Huang*, 2021 Tex. App. LEXIS 8129, at *8.

We overrule all of Appellant's issues, and we affirm the order of the trial court.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on March 28, 2024
Opinion Delivered April 11, 2024

Before Golemon, C.J., Horton and Johnson, JJ.

9