FILED

06/10/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0456

DA 24-0456

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 121N

IN RE THE MARRIAGE OF:

GAYLE P. CHRISTENSEN,

      Petitioner and Appellee,

  and

CHRIS A. CHRISTENSEN,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DR-23-109
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joshua Van de Wetering, Attorney at Law, Missoula, Montana

      For Appellee:

          André Gurr, Garden City Law, PLLC, Missoula, Montana

Submitted on Briefs:  May 21, 2025

Decided:  June 10, 2025

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Chris Christensen appeals the Twenty-First Judicial District Court's findings of fact, conclusions of law, and decree of dissolution, dissolving his marriage to Gayle Christensen. We affirm.

¶3 Chris and Gayle married in August 1975 in California. They later moved to Montana, where Chris practiced medicine. On March 26, 2021, Chris was incarcerated on numerous felony convictions of criminal endangerment and criminal distribution of dangerous drugs. Gayle filed a petition to dissolve the marriage in May 2023. The District Court found that after Chris's incarceration the parties' relationship rapidly deteriorated, that they lived separately, and, despite reconciliation overtures, reconciliation never occurred. It accordingly found March 26, 2021, to be the date of separation.

¶4 Gayle used her inheritance to fund Chris's criminal defense, to maintain the marital estate, and for living expenses. Gayle also delayed her retirement, the court found, in part to cover her living expenses and for maintenance of the marital estate. In her retirement, Gayle's sole source of income is her social security benefits. The final decree required the parties' marital home to be sold and the net proceeds divided equally. Chris appeals the

2

District Court's additional ruling that Gayle be reimbursed out of the net proceeds for half of the expenses she incurred to maintain the marital estate after Chris's incarceration.

¶5 "We review a district court's findings of fact, including those underlying a dissolution proceeding, parenting plan, and division of marital assets, to determine if they are clearly erroneous." *In re Marriage of Thorner*, 2008 MT 270, ¶ 20, 345 Mont. 194, 190 P.3d 1063 (citation omitted). "A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us the district court made a mistake." *Marriage of Thorner*, ¶ 20 (citation omitted). "A district court's apportionment of the marital estate will stand unless there was a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice." *Hutchins v. Hutchins*, 2018 MT 275, ¶ 7, 393 Mont. 283, 430 P.3d 502.

¶6 Chris argues that the District Court clearly erred in finding that the couple separated in March 2021. Chris contends that the District Court instead should have found that the date of separation was either the day Gayle filed her dissolution petition or the day the marriage was dissolved. In support of this proposition, Chris cites *Marriage of Hochhalter*, 2001 MT 268, ¶ 17, 307 Mont. 261, 37 P.3d 665 (quoting *Marriage of Swanson*, 220 Mont. 490, 495, 716 P.2d 219, 222 (1986)), for the general rule that "the value of the marital estate should be determined at or near the time of dissolution."

¶7 Gayle responds that the District Court relied on substantial credible evidence, including her testimony at the dissolution hearing, to find that the couple separated when Chris was incarcerated in March 2021. She adds that, regardless of the date of separation,

3

the District Court equitably held Chris responsible for half the expenses of maintaining the marital estate when it apportioned him half the proceeds. Pursuant to M. R. App. P. 19(5), Gayle requests the award of her attorney's fees on appeal on the ground that Chris's appeal is "emblematic of his unreasonable and vexatious protraction of proceedings" and taken without substantial or reasonable grounds.

¶8      District courts must "equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired." Section 40-4-202(1), MCA. The court here made specific findings that Gayle stood to inherit over $747,000 from the estate of her father but that her inheritance had been diminished by $192,000 when she used it to pay expenses for Chris's criminal defense and related matters. The court found further that Chris made no monetary or nonmonetary contributions to Gayle's inheritance funds; that the "bulk of the diminution of [those] funds is attributable to expenses for Chris'[s] medical practice and his criminal defense[;]" and that Chris was solely responsible for the loss of his medical licenses, "with the resulting loss of his ability to earn income as a medical doctor." Chris has demonstrated no clear error in these findings, and they are supported by the record. Though he focuses his appeal arguments on the date of separation, we conclude that his claim is immaterial. It is undisputed that Gayle alone paid all expenses to maintain the marital estate after Chris's incarceration, and it was equitable for the District Court to award her Chris's half of those expenses from the net sale proceeds.

¶9      Finally, we agree with Gayle that Chris's appeal is taken without substantial or reasonable grounds. *See Jonas v. Jonas*, 2013 MT 202, ¶¶ 24-25, 371 Mont. 113, 308 P.3d

33. Pursuant to M. R. App. P. 19(5), we award Gayle her attorney fees and costs in defending this appeal.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Chris has not demonstrated any abuse of discretion in the District Court's equitable distribution of the parties' assets and debts. We affirm the District Court's final decree and remand for the court to determine Gayle's reasonable attorney fees and costs in defending this appeal.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE